RICHARD HUNTER, Respondent, v. ISAAC D. WETSELL et al., Appellants.

A payment upon a parol contract for the sale of personal property for a price of fifty dollars or more, made at a time subsequent to that of the making of the contract, does not, of itself, take the contract out of the operation of the statute of frauds. To have that effect the subsequent payment must be made and received for the express purpose of thus complying with the statute and validating the contract; or when payment is made, the parties must reaffirm or restate the terms of the contract; in which cases the payment is made " at the time" of making the contract, within the meaning of the statute.

The authorities as to the effect of subsequent payments collated and discussed.

(Argued January 13, 1874; decided May term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, denying motion for a new trial and affirming an order of Special Term directing judgment in favor of plaintiff upon a verdict.

The nature of the action and the facts are stated in the opinion.

The jury rendered a verdict for plaintiff, whereupon the

court ordered the case to stand for the consideration of the court upon the exceptions and questions of law arising therein. Subsequently, on motion for judgment on the part of the plaintiff, it was granted and judgment directed for the plaintiff on the verdict. An order was then entered on stipulation, giving defendants time to make a case and exceptions to be heard at General Term.

*Samuel Hand* for the appellants. The contract of sale was void under the statute of frauds, and was not saved by the payment made subsequently. (2 R. S., 136, § 3, sub. 3; *Allen* v. *Aguirre*, 5 N. Y. L. O., 380; *Sprague* v. *Blake*, 20 Wend., 61; *Brabin* v. *Hyde*, 32 N. Y., 519; 45 id., 148, 149.) No title passed, and, therefore, no action for the whole price can be maintained independently of the statute of frauds. (*Pierson* v. *Hoag*, 47 Barb., 243; *Baker* v. *Bourcicalt*, 1 Daly, 23; *Russell* v. *Nicoll*, 3 Wend., 112; *Ward* v. *Shaw*, 9 id., 404; *Outwater* v. *Dodge*, 7 Cow., 85; *Evans* v. *Harris*, 29 Barb., 416.) The measure of damages is only the difference between the contract-price and the value at the time of breach, and in the absence of any evidence of difference the damages are nominal. (Story on Sales, § 438, and cases cited; *Billings* v. *Vanderbeck*, 23 Barb., 546; *Dustan* v. *McAndrew*, 10 Bosw., 130; *Wilson* v. *Holden*, 16 Abb. Pr., 133; *Allen* v. *Jarvis*, 20 Conn., 38; *Chamberlain* v. *Farr*, 28 Vt., 265.) A tender of the goods was an absolutely indispensable preliminary to an action for not receiving by the seller. (*Hagan* v. *King*, 38 Barb., 200.)

*E. W. Paige* for the respondent. The rule of damages was correct. (*Dunstan* v. *McAndrews*, 44 N. Y., 73, 78; 10 Bosw., 130.) The questions as to the fall in the price of hops were proper. (*Lefler* v. *Field*, 52 N. Y., 621, 622.) There was no mistrial. (Code, § 265; 2 Dunlap's Pr., 655, 667; *Barnes* v. *Perrine*, 2 Kern., 18; *Manning* v. *Monaghan*, 23 N. Y., 541, 542.) Defendants were not prejudiced. (*City Bk. of Bklyn.* v. *McChesney*, 20 N. Y., 243.)

EARL, C.   This action was brought to recover the price of hops which plaintiff claims to have sold to the defendants. It is claimed, on the part of the defendants, that the contract was void under the statute of frauds, and whether it was or not is the only question I propose to consider.

The only compliance with the statute claimed is part payment of the purchase-price. The facts are as follows: The contract was made September 27, 1867, and no portion of the purchase-price was then paid. Subsequently, the defendants paid the plaintiff $300 upon the purchase-price, $200 in November and $100 in December. There is no proof of what was said about the hops or the contract when these payments were made. The evidence does not even show that the contract was mentioned or referred to. It is simply, that the payments were made toward the hops.

The English statute of frauds, enacted in the reign of Charles the Second, did not require the payment, to render a contract for the sale of goods valid, to be made *at the time* of making the contract, neither did the statute of this State, in force prior to the Revised Statutes. ( 1 R. L., 80, § 15.) The revisers, in their report to the legislature, provided that the memorandum, the delivery and the payment should be made at the *time* the contract was made. But the legislature modified the provision as reported, and adopted it as we now find it in the statutes. The revisers deemed it important that the conditions prescribed to render the contract of sale valid, should be complied with at the time of making the contract. This was an alteration of the law as it had before, for more than a century, existed in this State and in England, and the attention of the legislature was thus distinctly called to it. It omitted the requirement as to *time*, so far as related to the memorandum and part delivery, but retained it as to the part payment. Effect must be given to this language. A contract for the sale of personal property for the price of fifty dollars or more is declared void unless one of three things be done, the last of which is payment by the buyer, *at the time*, of part of the purchase-money. Payment after-

ward will not do. The payment must be made when the contract is made. Such is the plain language of the statute. Here there was but one contract made, which was in September. There was no attempt to make any other. There was no talk about any, and so far as appears no renewal, reaffirmation or restatement in any form of that one. All that took place afterward was a payment of $300 toward the hops. If this could be called a payment at the time of making the contract, within the meaning of the statute, then this provision of the statute serves no purpose, as every payment subsequently made, to apply upon the contract, would render it binding within the statute, and the provision requiring payment at the time would be nullified. A payment not made at the time can never, under any circumstances, satisfy the requirement of the statute. But when a contract for the sale of personal property, valid at common law, is made, and the buyer afterward pays expressly to bind the contract, or when payment is made the parties then reaffirm or restate the terms of the contract, and their minds then meet so as to make a contract, the statute is undoubtedly satisfied. Such a payment is made at the time of the contract and not afterward.

This particular provision of the statute has not received much attention in the courts. It seems first to have been under consideration in Massachusetts, in *Thompson* v. *Alger* (12 Metcalf, 428), a case growing out of the sale of railroad stock, made in this State. In that case, Dewey, J., expresses the opinion that a payment made subsequently to the time of making the contract, with the concurrence of both parties, will answer the requirement of the statute and that the contract becomes valid from the time of such payment; but the decision of the case was put upon the ground, that what took place when the payment was made was sufficient to show that the minds of the parties then met and an agreement was then made. In *Sprague* v. *Blake* (20 Wend., 61), it was held that a subsequent delivery and acceptance of property, sold under a contract otherwise void

under the statute of frauds, rendered the contract valid. Judge COWEN writing the opinion says : " The statute does not require that the part acceptance should be at the time of the oral contract, though it seems to be otherwise of earnest-money which is to bind the bargain." In *McKnight* v. *Dunlop* (5 N. Y., 537) the same provision of the statute was under consideration, and a similar decision as to the effect of subsequent delivery and acceptance was made. Judge PAIGE writing the opinion, refers to the case of *Thompson* v. *Alger*, and citing the doctrine of DEWEY, J., as to the effect of subsequent payment says : " If the contract is not, in law, deemed to be made until the part payment of the purchase-money, and the previous invalid oral agreement is merely referred to, to ascertain the terms of the subsequent valid contract, the decision of the Supreme Judicial Court of Massachusetts may be regarded as sound." In *Bissell* v. *Balcom* (39 N. Y., 274) some of the language used by Judge WOODRUFF goes far to sustain the claim of the plaintiff in this case. That was an action to recover the price of certain cattle sold by defendant to the plaintiff. At the time of the sale, the cattle were left in the possession of the plaintiff, and nothing was done to make the contract binding within the statute of frauds. On the next day, the plaintiff called upon the defendants for part payment to bind the bargain, and the defendant paid him three dollars for that purpose. It was held that the payment was sufficient for the statute. The parties came together speaking of and referring to the contract which they recognized as incomplete and invalid, and for the express purpose of a compliance with the statute the purchaser, at the request of the seller, made the payment. The contract was, intentionally, then made, and, hence, it could with propriety be held that the payment was made at the time of making the contract. In *Allis* v. *Read* (45 N. Y., 142) the plaintiff agreed verbally with the defendants for the purchase of a quantity of cloths, no portion of the purchase-money being then paid or goods delivered ; but, subsequently, when, by the first arrangement a payment became due, the parties

again met and, upon further negotiations and agreements varying somewhat the original void contract, the plaintiff delivered to the defendants one T.'s promissory note, which was to be collected and applied by them on the purchase-price of the cloths; and he also conveyed to them certain other merchandise, which they were to sell and also apply the avails, after deducting their commissions, to the purchase-price of the cloths; and it was held that the minds of the parties must be deemed to have then met upon all the terms and conditions of the agreement for the sale of the cloths, and that it then became, by the plaintiff's transfer of the note and consignment of merchandise, a valid and binding contract under the statute. Church, Ch. J., writing the opinion of the court says: "It is unnecessary to determine that every void contract may be made valid by a payment, subsequent to the time of making it, but, I do not hesitate to say that after a void contract has been made, the parties may make a valid contract by adopting the terms of the void contract, provided, it appears that such terms are understood and assented to and a payment is made and received upon the contract. It is a valid contract from that time, and the statute is fully satisfied as if the contract had been made valid originally, by a payment at that time;" and, he says that he sees no objection to adopting the views of Judge Dewey in *Thompson* v. *Alger*, as to the effect of a subsequent payment, with the qualification that it should appear that the parties understood and assented to the terms of the contract at the time of the payment. Some of the views expressed by Judge Potter in *Webster* v. *Zielly* (52 Barb., 482) tend to sustain the claim of the plaintiff in this case, but they were unnecessary to the decision of that case as there was a sufficient note or memorandum of the agreement to satisfy the statute. The reasoning of the learned judge upon the question now under consideration is not satisfactory.

I have thus called attention to all the cases which have come to my notice, wherein the question now before us has been considered, and it will be seen that it has not been

authoritatively decided. The following points may, however, be regarded as established: (1.) Where a contract of sale has been made good at common law, but void under the statute of frauds, and the parties subsequently meet, and for the express purpose of then complying with the statute and making the contract valid, a payment is made by the purchaser upon the contract, at the request of the seller, such payment is made at the time of making the contract, within the meaning of the statute. It cannot be claimed that there was such a payment in this case. (2.) Where, in case of such a void contract, the parties subsequently come together, and substantially restate, reaffirm or renew its terms, so as then and there, by the meeting of their minds, to make a contract, and then payment is made upon the contract, the statute is complied with. Such was not this case. Here, when the payment was made, it does not even appear that the contract was mentioned. The money was paid toward the hops. The purchaser was not then bound and may not have intended to bind himself. He may have intended to leave the contract where the law actually does leave it, not enforceable against him. If such a payment answers the requirement of the statute, then it is impossible for any purchaser to make a subsequent payment toward goods purchased or upon a prior contract of purchase, which shall not be a compliance with the statute; and, thus, the words " at the time," in this clause of the statute can have no meaning or effect.

I am, therefore, of opinion, that the plaintiff should have been nonsuited, and the judgment must be reversed and new trial granted, costs to abide event.

All concur.

Judgment reversed.