## WILLIAM T. HALLENBECK, RESPONDENT, *v.* FRANCIS COCHRAN, APPELLANT.

*Statute of frauds — what is not a sufficient delivery and acceptance to make valid an oral contract of sale — When a subsequent part payment will not make valid the prior oral contract.*

The plaintiff and defendant being together, near to two stacks of hay belonging to the former, and in sight of one of such stacks, entered into an oral contract for the sale of the hay, defendant agreeing to pay to the plaintiff $190 therefor and $10 more if he should do well with it. The plaintiff then said " the hay is yours," and the defendant said " yes."

*Held,* that there was no delivery or acceptance of the hay sufficient to take the case out of the statute of frauds.

Subsequently the plaintiff called on the defendant for payment on " that hay," and the latter promised to see one Bush to obtain money with which to make such payment. The next day the defendant came along the road with his team, beckoned the plaintiff to come to him, and handed him $25, saying that he had not seen Bush, but had sent word to him and learned that he was not at home ; that if hay did not do better than it was then doing he should have a pretty tough bargain. Nothing further was said as to the previous bargain.

*Held,* that the payment was not made at the time of entering into the contract as required by the statute, and did not render valid the prior oral agreement.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover a balance alleged to be due to the plaintiff for certain hay sold by him to the defendant. After a part of the price had been paid, the hay was destroyed by fire, while still standing upon the plaintiff's farm and before any of it had been taken away by the defendant.

The defence was that the contract was void as within the statute of frauds.

*R. E. Andrews*, for the appellant.

*Rufus H. King*, for the respondent.

BOCKES, J. :

The only questions presented on this appeal arise under the statute of frauds. They are these : (1.) Whether the hay bar-

THIRD DEPARTMENT, APRIL TERM, 1880.

gained for, or any part of it, was in fact delivered; and (2) whether, if there was no delivery, any payment was made on the contract of purchase by the defendant, at a time and under circumstances, which would save it from the effect of the statute. The preliminary negotiations between the parties prior to the making of the contract are unimportant on the questions here presented. They may, therefore, be left entirely out of view. The contract was made by parol, early in April, the parties being in sight of and near the two stacks, the subject of the alleged purchase and sale. The contract was to this effect: that the defendant should pay the .plaintiff $190 for the hay, and if he should do well with it, then that he should pay the plaintiff ten dollars more. The plaintiff then said : "The hay is yours ;" " he, defendant, said, yes." The plaintiff testifies: "This is all that was said that night." At this time the defendant was in the road in his sleigh, about five or six rods from the stacks, and in sight of one of them. Now was there any delivery of the hay ; any acceptance of it by the defendant at this time, within the meaning of the law ? The statute is this : that " every contract for the sale of any goods, chattels or things in action for the price of fifty dollars or more, shall be void unless (1), a note or memorandum of such contract be made in writing, and be subscribed by the parties to be charged thereby ; or (2), unless the buyer shall accept and receive part of such goods, or the evidences, or some of them, of such things in action ; or (3), unless the buyer shall at the time pay some part of the purchase money." Did the defendant " accept and receive " any part of the hay ? The only proof that he did so was the remark of the plaintiff : " The hay is yours," and the defendant's reply : " Yes." The plaintiff testifies that no part of the hay was taken from the stacks at this time, and there is no pretence that any was taken at any other time. The acceptance and reception rested then in words, nothing more. There was no act to evidence a change of possession. In *Shindler* v. *Houston* (1 N. Y., 261), it was held that to constitute a delivery and acceptance of goods, required by the statute of frauds, something more than mere words was necessary ; that superadded to the language of the contract there must be some act of the parties, amounting to a transfer of the possession and

an acceptance thereof by the buyer, and that the case of cumbrous articles was no exception to the rule. The sale in this case was of lumber piled on the dock in sight of the parties, and at the close of the bargain the plaintiff said to the defendant : " The lumber is yours." In this case BRONSON, J., says : " Nothing was done, * * * there was nothing but mere *words*, and the statute plainly requires something more ; it calls for *acts*." The rule laid down in this case has been firmly adhered to in all subsequent cases where the question as to the construction of the statute has arisen. In *Ely* v. *Ormsby* (12 Barb., 570, 572), PRATT, J., says : " The statute in regard to acceptance, when the party depends upon that to render the sale valid, requires that acts unequivocal should furnish the evidence of such acceptance, and not *words alone*. The acceptance must be clear and unequivocal. The court will not allow a constructive acceptance to be sufficient." In the case in hand there were only words, and the acceptance was but constructive at best. (*Ham* v. *Van Orden*, 4 Hun, 709; *Moore* v. *Bixby*, 4 Hun, 802.) We are of the opinion that there was no such delivery and acceptance of the hay in this case as was necessary to take it out of the statute.

The next question is as to the effect of the alleged payment of twenty-five dollars upon the contract made at a future time. The payment called for by the statute of frauds to rescue a contract from its operation must be made at the time ; that is, at the time of entering into it. In *Bissell* v. *Balcom* (39 N. Y., 275), the payment was made on a subsequent day, and was made as stated expressly " to bind the bargain." This was held to be sufficient to take the case out of the statute ; that, in that case the sale would be deemed to have been made at the time the money was paid ; that the contract then became binding according to the previous oral treaty. This decision was put on the ground that the payment was expressly declared to be made " to bind the bargain." Judge WOODRUFF says : " Here is a distinct intelligent reference by both parties to the negotiation of the previous day—a recognition by both of its want of binding force or validity, because no part of the stipulated price was paid ; a declared intent to make the bargain valid and binding, assented to ; a request of the payment of the money for that

purpose, and a payment in compliance with that request." He adds, "by plain reference, though not by recital, the agreement is re-enacted. The terms are present in the minds of the parties and are affirmed by payment and acceptance on account thereof." This case received approval in *Allis* v. *Read* (45 N. Y., 142), where Judge CHURCH says (page 150): "I do not hesitate to say that after a void contract has been made the parties may make a valid contract, by adopting the terms of the void contract, provided it appears that such terms are understood and assented to, and a payment is made and received upon the contract." These cases were considered and commented on in *Hunter* v. *Wetsel* (57 N. Y., 375), and it was there held that they established two propositions: (1.) That "where a contract of sale has been made good at common law, but void under the statute of frauds, and the parties subsequently meet, and *for the express purpose of then complying with the statute and making the contract valid*, a payment is made by the purchaser upon the contract, at the request of the seller, such payment is made at the time of making the contract within the meaning of the statute;" and (2.) That "where in case of such a void contract the parties subsequently come together and substantially *restate, reaffirm or renew its terms*, so as then and there by the meeting of their minds to *make a contract*, and then payment is made upon the contract, the statute is complied with." It was held that this case (*Hunter* v. *Wetsel*) was not saved under either of these propositions from the effect of the statute.

The case of *Hunter* v. *Wetsel* is much like this in hand. In that case a payment was made and accepted upon the hop contract or towards the hops. So here, according to the plaintiff's testimony, the latter had called on the defendant for payment on "that hay." The defendant promised to see one Bush with a view of obtaining some money from him with which to make payment, and said he would come around the next day. The plaintiff then proceeds to state the further occurrence, as follows: "The next morning he came along with his ox team and beckoned me to come to the road. As I got to the road, he took out his pocket-book and handed me two ten dollar and one five dollar bills, and said I have not seen Bush, but I have sent up

word by John J. Vosburgh, and Bush was not at home. He said if hay does not do better than it is doing now, I don't know but I shall have a pretty tough bargain, * * * *this was all that was said at this time.* On his cross-examination, he said : "When I got up to him he had his money out, two ten, and a five dollar bill, and handed them to me ; I did not see defendant at that time make an entry in diary ; before he handed me the money there was nothing said." The case in hand is no more favorable to the plaintiff on the facts than was the case of *Hunter* v. *Wetsel.* In that the payment was made on the hop contract, or towards the hops. Here it was made on the hay contract, or towards the hay. In neither case was the contract restated, or even referred to, save by implication. Being substantially alike on the facts, they must stand or fall together. The language of Judge EARL in the case cited has direct bearing on this. He says : "The payment must be made when the contract is made. Such is the plain language of the statute. Here there was but one contract made, which was in September. There was no attempt to make any other. There was no talk about any, and so far as appears no renewal, reaffirmation or restatement in any form of that one. All that took place afterward was a payment of $300 towards the hops." (Here of $25 towards the hay.) "If this could be called a payment at the time of making the contract within the meaning of the statute, then this provision of the statute serves no purpose, as every payment subsequently made, to apply upon the contract, would render it binding within the statute, and the provision requiring payment at the time would be nullified." In this view of the law, as it seems, all the judges of the Court of Appeals concurred. Give it application here, and a reversal of the judgment must follow.

There were admissions of the defendant put in evidence, to the effect that he had bought the hay and had paid the plaintiff $25 on the purchase. These admissions must be construed as having reference to the facts testified to by the plaintiff. He gives the circumstance of the purchase, and also those attending the payment. There can be no fair pretence that there was any other contract or payment than those testified to by the plaintiff ; that there was any other contract or payment is against his sworn

statements. The admissions in regard thereto, put in evidence, must, therefore, have had reference to them, and the referee should have so found, as he was requested to do. The judgment must be reversed.

Judgment reversed, new trial granted, costs to abide the event, and reference discharged.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment reversed, new trial granted, referee discharged, costs to abide event.