READ *v.* MEMPHIS GASLIGHT CO.

(*Jackson.*    June 22,  1901.)

MORTGAGES AND DEEDS OF TRUST.    *Allowances to trustee for expenses and attorney fees.*

Under a corporate deed of trust, made pursuant to and embodying a resolution of the Board of Directors of the mortgagor company, providing that the "deed should confer upon the trustee all proper and necessary power and authority for the protection and security of the holder of the bonds," and under and by the general principles of law without such special provision, the trustee is entitled to reasonable allowances, out of the trust fund or estate, for his time and trouble and for expenses necessarily incurred, including attorney fees, in the defense of a suit brought against him attacking the trust deed; and such allowances constitute a prior lien upon the trust fund or estate, and are enforceable against it by proper proceedings.

Cases cited: Fulton *v.* Davidson, 3 Heis., 614; New Memphis Gaslight Co. case, 105 Tenn., 268.

FROM  SHELBY.

Appeal    from    the    Chancery    Court    of    Shelby County.    F.  H.  HEISKELL,  Ch.

CARROLL, McKELLAR & BULLINGTON  for  Read.

B.  W.  HIRSH  and  RIDDICK  for  Memphis  Gaslight Company.

McALISTER,  J.    The  question  presented  for  decision  upon  this  record  is  in  respect  of  the  right

of a trustee to compensation for his time and trouble, and to an allowance for expenses incurred, including a reasonable fee to the solicitor who represented him in certain litigation. The facts necessary to be stated are that, in 1873, the Memphis Gaslight Co. executed a trust deed to the complainant, S. P. Read, as trustee, to secure the payment of 250 bonds of $1,000 each ($250,000). Creditors and stockholders of the Memphis Gaslight Co., in different suits, attacked the validity of this trust deed, making the complainant trustee a party defendant in each case. These causes were consolidated and finally determined by this Court at last term here, and are reported in 105 Tenn., 268. The trustee employed counsel, and answers were filed denying the allegations made against this deed, and the litigation was defended in the Chancery Court and in this Court. In that case this Court said that "the trustee was under legal obligation to protect this trust deed, assailed as it was, and that he was authorized to employ a lawyer to this end, and that the gentleman so engaged rendered valuable services to his client. But, said the Court, the fixing of the fee and the security for its payment must be between the two. There is no fund under the control of the Court upon which it could fix a lien, and no adverse parties against whom a decree in his favor could be rendered. To determine the amount due for the solicitor's service or to grant a lien in these cases would be *brutum fulmen*."

The present bill was filed on September 21, 1900, by S. P. Read, trustee, against the Memphis Gaslight Co., the Equitable Gaslight Co., the Colonial Trust Co., of New York, and the unknown holders of the first mortgage bonds of the Memphis Gaslight Co., the object of which was to recover, first, the expenses incurred by the trustee in the administration of the trusts of the mortgage, including a reasonable compensation to the solicitor employed, and, second, a reasonable compensation for himself, on account of his responsibility and services in respect of the defense of the said litigations.

The defendants, the Equitable Gaslight Co. and the Memphis Gaslight Co., filed the following demurrers: First, it is denied that it was the right and duty of the trustee to retain counsel to defend the suits mentioned in the bill, and, second, it denied the right of the trustee to have spent time, or performed labor or incurred responsibility therein.

The cause was heard upon the two assignments of demurrer, and, upon leave being granted, an additional ground of demurrer was filed; and defendants, also, demur to the complainant's bill, on the following ground: "Even if the trustee, Read, had the implied right and power to employ counsel in the lawsuits referred to in his bill, he had no right to make the fees of said counsel a lien or charge upon the property covered under the trust deed, nor had he any right or power to charge the maker or beneficiaries under the trust deed, nor any

of the defendants, with the responsibility for such fees. If he undertook to employ counsel without direction from the Court, or without authority from the makers or beneficiaries under the trust deed, then it might be that he would make himself responsible for the fee of such counsel. The fixing of this fee, and the security for its payment, would be a matter of contract between the trustee and counsel employed by him, and the trustee's responsibility would depend upon this contract. Suit might be brought on such contract against the trustee, but in no event, as defendants contend, could the trustee and his counsel, by any arrangement between them, charge either the corpus of the property or the makers or beneficiaries under the trust deed, or any of the defendants, with the responsibility for such fee. But said trustee, in his bill, does not charge or claim that the employment by him of complainant, McDowell, was done under the direction of the Court, or after consultation with the maker or any of the beneficiaries under the trust deed. And so defendants say, that if said counsel has any redress, it is against the trustee employing him, and not against either the property conveyed in the trust deed or any of these defendants.''

The Chancellor sustained all the demurrers and dismissed the bill. Complainant appealed and assigned the action of the Chancellor as error. It will be observed that two questions are raised by the pleadings. First, whether the trustee is entitled to any

compensation for his own services and trouble in and about the litigation; and second, whether he is entitled to an allowance for expenses incurred, including a reasonable fee for his counsel.

The position of counsel for complainant is that the trustee is entitled to recover, as an expense incurred, the counsel fee of the solicitor he employed to defend the litigation in the interest of the trust estate; that that claim is a lien upon the trust estate, and unless it is paid he is entitled to have the trust estate sold for the payment thereof; and further, that in equity the *cestui que trust* are liable for the payment thereof. In support of this proposition counsel cites *Woodruff* v. *The N. Y. & Lake Erie & Western R. R. Co.*, *et al.*, 129 N. Y., 27, in which it is said, viz.: "It is a cardinal principle in the disposition of trust estates that the trust fund shall bear the expenses of its administration, and that one who successfully conducts a litigation *en autre droit* for the benefit of a fund, shall be protected in the distribution of such fund, for the expenses necessarily incurred by him in the performance of his duty." *In re Holden*, 126 N. Y., 589; *Trustees* v. *Greenough*, 105 U. S., 527.

It is laid down as an elementary rule, in Perry on Trusts, that trustees have an inherent equitable right to be reimbursed all expenses which they reasonably incur in the execution of the trust, and it is immaterial that there is no provision for such expenses in the instrument of trust. If a person un-

dertakes an office for another, in relation to property, he has a natural right to be reimbursed all the money necessarily expended in the performance of the duty. Lewin on Trusts, 557; Perry on Trusts, Sec. 910.

This right is extended not only to necessary traveling expenses, but to all reasonable fees paid for legal advice in the discharge of his duties, and in most of the States includes compensation for time labor, and trouble. Perry on Trusts, Secs. 910, 917, 918.

It was held in *Wetmore* v. *Parker*, 52 N. Y., 450, that this Court has decided in two cases (*Downing* v. *Marshall* and *DeCourville* v. *Ray*, 57 N. Y., 380) that the special term has power to make allowances to trustees and others acting in a fiduciary capacity, for all expenses necessarily incurred in the faithful performance of their duty, including counsel fees.

In *Downing* v. *Marshall*, *supra*, the Court said that persons acting *en autre droit*, as executors, administrators, trustees, guardians, receivers, etc., are, upon a faithful execution of their trusts, to be indemnified out of the trust property for all expenses necessarily incurred in the faithful performance of their duties. There can be no reasonable doubt that the general rule is that trustees and others, acting in a fiduciary capacity, are entitled to reasonable allowances for costs and expenses incurred in the course of the performance of their duties, out of

the fund which has been secured or protected by their efforts." *Dow et al.* v. *Memphis & Little Rock R. R.*, Fed. Rep. 32.; *Dow et al.* v. *Memphis & Little Rock R. R.*, 120 U. S., 287.

In the last case the mortgage provided that the appellant will, from time to time, pay all charges, costs, and expenses of the appellees, or either of them, in and about the execution of the trust, and will indemnify and hold harmless the appellees against all costs, charges, damages, and expenses, which they or either of them may sustain or may be put to in consequence of accepting this trust, or anything which may be done, or omitted to be done, under it, saving only such damage as may be incurred by or arise from the culpable act or neglect of said appellees. The Court, in that case, gave judgment against the mortgagor for $29,580.87, amount due the trustees for services and counsel fees and costs paid out by them. See, also, *Medough* v. *Wilson*, 151 U. S., 333. Counsel also cite *Fulton* v. *Davidson et al.*, 3 Heis., 614; *Burney* v. *Atkinson*, 54 S. W. Rep., 998. Counsel then cite the former opinion of this Court in the consolidated cases, 105 Tenn., 268, in which we said that the trustee was under legal obligation to protect this trust deed, assailed as it was, and that he was authorized to employ a lawyer, and that the gentleman so employed (Hon. Wallace W. McDowell) had rendered valuable services to his client.

As opposed to contention of the complainant, it is insisted, on behalf of the defendant, that the powers of the trustee are dependent entirely upon the mortgage or trust deed appointing him, and that it is not admissible to look outside the instrument for the trustee's authority. It is argued that there is no especial authority to the trustee, conferred by this trust deed, to employ counsel to defend any suits which might be brought attacking the validity of such trust, and hence there can be no recovery for such services. Counsel cite Thompson on Corporations, Vol. 5, Sec. 6264, viz.: "No arrangement among the trustees in a corporate mortgage and the corporation and third parties, not assented to by the beneficiaries thereunder, will be allowed to have the effect of charging the trust with the payment of. subsequent debts. Neither the trustee nor any agent appointed by him is competent to create such a charge."

Mr. Thompson, in Sec. 6126 of his work, discusses the power of the trustee to charge the trust estate with counsel fees, concluding as follows, to wit: "The writer suggests that the decisions which hold the bondholders bound by representation through the trustee in the mortgage, except where the trustee brings an action to foreclose the mortgage, have failed to discriminate properly in respect of the consideration that the trustee, in such an instrument, is a trustee only of the powers which have been especially granted to him by the instrument, and

which he has accepted by accepting the trust. If the instrument requires him to defend any litigation affecting unfavorably the rights of the bondholders, then there is ground for concluding that when he does so defend he will bind the bondholders by representation. But if it does not require him to do so, his act in defending is no more than the act of a stranger, for, in doing it, he is attempting to exercise a power which has not been conferred on him, and to do something for them which they have not authorized him to do, or agreed that he shall do.''

Now, conceding for the argument, that Mr. Thompson is correct in the rule thus enunciated, we find ample authority in the trust deed to have warranted the trustee in employing counsel to defend the attacks · made upon the instrument itself. The resolution, adopted by the Board of Directors of the Memphis Gaslight Company, directing the deed of trust to be executed, provided ''that the said trust deed should confer upon the trustee all proper and necessary power and authority, for the protection and security of the holder of the bonds.'' This resolution is · embodied in the deed of trust, afterwards executed, to S. P. Read, trustee; but it is insisted that the only power actually conferred upon the trustee, by the deed itself, is to sell the property and make deeds to the purchasers. It is then argued that the presumption is that the directors did what they resolved to do, and the powers ac-

tually conferred upon the trustee was an execution of the power conferred by the resolution. We think, however, that the resolution is not to be so restricted. It is embodied in the trust deed, and has thus become a part of the instrument itself, and is equivalent to an express grant in the deed to the trustee "of all proper and necessary power and authority for the protection and security of the owners or holders of said bonds." It was with reference to this power that we held, at last term, that "the trustee was under legal obligation to protect the trust deed, assailed as it was, and that he was authorized to employ a lawyer to this end." It was also said that the fixing of the fee, and the security therefor, was a matter for the trustee and his counsel, for the reason that there was no fund before the Court, and no adverse parties against whom a decree in his favor could be rendered.

The present bill is filed against the Memphis Gaslight Company, the maker of the trust deed, the Equitable Gaslight Company, which is the present owner of the property embraced in the trust deed, and also as the owners of a considerable number of the first mortgage bonds of the Memphis Gaslight Company, the Colonial Trust Company, of New York, and the unknown holders of the first mortgage bonds of the Memphis Gaslight Company. The claim of the bill is that both complainant and the counsel representing him in said litigation, are entitled to propound herein as against the

defendants, and against the property covered by the mortgage, their claim, and that they are entitled to set up and establish as against the trust estate, and enforce the same, the reasonable amounts which they are severally entitled to have allowed them, and that they have a lien therefor upon the property mentioned and described in the said mortgage, superior and paramount to the mortgage itself, etc. The property covered by the mortgage was "all the franchises, rights, town lots, grounds, buildings, manufactories, and machinery owned by the Memphis Gaslight Company." It is further alleged that the property covered by the trust deed is now owned by the Equitable Gas Company, subject to the mortgage of $1,250,000 of 5 per cent. bonds.

We think that, upon the allegations of the bill, complainants are entitled to relief. The decree of the Chancellor is, therefore, reversed, the demurrer overruled, and the cause remanded for further proceedings.