ACKLEY *against* FINCH.

ON error from the court of common pleas of the county of Washington. The action below was trover for a chaise *and harness, by Finch against Ackley. The jury, under the direction of the court, found for the plaintiff; on which, judgment was given for him. On the trial, the defendant below took certain exceptions to the opinion of the court, and the cause came here upon a bill of exceptions; the facts in which, so far as they are material to the points decided, will be found stated in the opinion of the court.

*J. Crary*, for the plaintiff in error, insisted that trover would not lie, in the case presented by the bill. That if the agreement between the parties, set forth in the bill, was not conclusive, the award mentioned as having been made between the parties, must have been. He cited 8 John. Rep. 96; 10 id. 190, and the cases there cited by Van Vechten, *arguendo;* 1 Caines, 304; 1 Day, 130.

*D. Russell*, contra, cited 2 Caines' Cas. Err. 200; 7 John. 196; 16 id. 367; 13 id. 492; 6 id. 44.

*Curia, per* WOODWORTH, J. This is a writ of error to the Washington common pleas. Finch declared in trover for a chaise and harness. It appeared that an execution was levied on his property, in 1813, for about $120. An agreement was made between him and Ackley, that Finch should assign to Ackley a judgment bond against David Smith,

**[Margin note:]** Trover will not lie for goods delivered in payment of an usurious debt, or absolutely on a sale. The only remedy is upon the statute, (1 R. L. 64,) to recover the excess beyond legal interest. It seems, where goods are delivered in mortgage to secure an usurious debt, or upon any usurious consideration, the contract being void, trover lies. Where goods are mortgaged, if payment be not made at the day, the interest of the mortgage becomes absolute. A submission was to the award of three arbitrators: so that they, or any two of them, award by such a day. Two made the award in writing within the time; but it did not appear on the face of the award, that the three heard the proofs and allegations of the parties; *held*, that this might be shown by evidence *aliunde*.

NEW YORK, and deliver to Ackly the chaise and harness, as his pro-
May, 1827. perty absolutely, and allow his demand; and that he,
Ackley Ackley, would advance the $120. Ackley paid $120;
v. which, together with his demand, was $206 55. He gave
Finch. up his notes, and discharged his account against Finch;
who assigned the bond, and delivered the property to
Ackley, as his own. The latter then said, if you pay me
the $206 55, with interest, on or before the first of March
next, (1814,) I will receive it and re-deliver you the pro-
perty. Smith's bond was about $250. The plaintiff proved
that the defendant admitted that $10 extra-interest was in-
cluded in the $206 55, and that he had received the amount
of Smith's bond, though not until after the 1st March, 1814.
In March, 1815, the plaintiff demanded the chaise and har-
ness, which the defendant refused to deliver.

[*292]        *The defendant gave in evidence an arbitration bond,
dated in December, 1814, between the parties, submitting
all matters and differences to three arbitrators, so as their
award, or that of any two of them, be made at a certain
time specified. The award of two of the arbitrators, was
produced, made within time. The plaintiff objected, that it
did not appear that all three had heard the proofs and alle-
gations. The court decided that the award was inadmissi-
ble; because it did not appear on the face of it, that all the
arbitrators met. The defendant offered to prove, that all
the arbitrators heard the proofs and allegations of the par-
ties; that two made the award, and the plaintiff accepted it,
and received from the defendant the money awarded. The
court rejected the evidence, and charged the jury that the
plaintiff was entitled to recover.

If the plaintiff absolutely sold to the defendant the bond
against Smith, with the chaise and harness, and received in
payment and satisfaction, $120 in cash, and for the residue
accepted, as cash, a demand of the defendant against the
plaintiff, which demand was tainted with usury to the
amount of $10, the only remedy of the plaintiff would be,
to recover back, by action founded on the statute, the ex-
cess beyond legal interest. He cannot rescind the contract
executed, and claim the property which he sold, although,

in the payment received, he allowed, as part of such pay-
ment, an usurious demand. If A. holds a note against B.,
confessedly usurious, B. may successfully resist the demand
and defeat an action ; but if he pays A. the full amount of
his note, and takes it up, he cannot recover the whole back.
So much as had been received for usury, would be recov-
erable. I, however, rather consider this as a mortgage.
If the verbal agreement of the defendant was binding,
then, on payment of the $206 55, by the 1st of March,
1814, the property was to be re-delivered. No payment
was made by that time. After the condition forfeited, the
mortgagee had an absolute interest in the thing mortgaged.
This is the legal effect and operation of a mortgage of personal
property. The case of *Brown* v. *Bement & Strong*, (8 John.
96,) is decisive on this point. If a mortgage, *and infected
with usury, then I admit the transfer was void. The ad-
mission of usury by the defendant, is not contradicted. To
show that all preceding questions and claims were merged,
the defendant proved an award. If this is valid, the plain-
tiff cannot again draw in question whatever was within the
submission, and was passed on by the arbitrators. The
submission was general. There is no proof that this de-
mand was not exhibited. If the mortgage was previous,
the plaintiff's right of action had arisen before the submis-
sion. He was not obliged to wait until the 1st of March.
By reason of usury, the contract was void, and the right to
recover back the property pledged, was immediate. The
award was made in January, 1815, and must be considered
as embracing all controversies between the parties then
existing.

An award by two out of three arbitrators, is legally
binding, if the submission authorizes it, and provided all
have heard the proofs and allegations of the parties. In
this case, the submission did authorize an award by two.
On the face of the award, it did not appear whether all the
arbitrators heard the cause, or two only ; this was a fact
necessary to be determined.

It is apprehended that no case can be adduced, showing
the necessity of this fact appearing in the award itself. To

NEW YORK,
May, 1827.

Ackley
v.
Finch.

[*293]

NEW YORK, prove it by parol, does not contravene any adjudged prin
May, 1827. ciple in the exposition of awards. It neither impeaches
Dillenback nor supports its merits; but supplies a fact not affirmed or
v. denied by the award; and which perhaps it was not the
Teromo. duty of the two arbitrators to notice. If, in this case, one
of the arbitrators had not met, and arbitrated with the
other two, would it not be competent to prove it, and
thereby show, what a defendant is always entitled to show
in a court of law, that the award is not within the sub-
mission? The court ought to have received the testimony
offered. Had it shown that all the arbitrators heard the
cause, the award was valid; and the arbitrators having
passed on all matters in difference between the parties, it
[*294] comprehended the previous claim; and *therefore the
plaintiff could not sustain his action. The judgment of the
court below must be reversed; and a *venire de novo* must
be awarded by the Washington common pleas.

Judgment reversed.