FERGUSON *vs.* THE UNION FURNACE COMPANY.

The delivery of a chattel by a purchaser, to one who has become his *surety* for the payment of the purchase money, is a valid and legal transaction, and the continuance of the possession and use of the property by the purchaser does not invalidate the right of the surety to control the property upon the happening of the event which, by the agreement of the parties, was to render his interest absolute.

ERROR from the Herkimer common pleas. The Union Furnace Company sued Ferguson in an action of *trover* for a yoke of oxen, alleged to have been purchased by them of Moses Clark and Michael Nichols. Clark and Nichols bought the oxen of Ferguson in March, 1829, and gave him two notes for 25 cords of wood each, one payable the 15th July, and the other the 15th September, 1829. One *Orimel Starks* signed the notes as *surety* for Clark and Nichols. When the cattle were delivered to the purchasers, they delivered them to Starks in security for the responsibility he had assumed, declaring the terms of the delivery to be, that if they did not pay Ferguson when the notes fell due, the cattle should be Starks', to enable him to pay Ferguson; but that until both notes became due, they should have the right to use the cattle. On the 15th September, when the second note became due, Ferguson demanded payment of the notes, and they not being paid, Starks delivered the cattle to Ferguson, who gave up to Starks the notes which he had signed as surety; Starks tore off his name and handed the notes to Clark, one of the original purchasers. Clark and Nichols used the cattle until 15th September. The common pleas charged the jury that the cattle having been left in the possession of Clark and Nichols by Starks was evidence of fraud as against a *bona fide* purchaser, and if they should be of opinion that the plaintiffs were entitled to be considered as *bona fide* purchasers, that then the plaintiffs were entitled to a verdict. The jury found for the plaintiffs, and the defendant sued out a writ of error.

*A. Hackley,* for plaintiff in error.

*L. Ford,* for defendants in error.

*By the Court,* NELSON, J.    The mortgage to Starks, to indemnify him as *surety* for the payment of the purchase money, was legal and valid, and the plaintiff in error obtained a perfect title to the oxen on the re-sale in September, 1829. The continuance of the possession and the use of the oxen by Clark and Nichols were *not,* under the circumstances of the case, fraudulent in law, and there is no pretence of fraud in fact.    Without discussing a point which has been the subject of frequent examination in this court, I will merely refer to the cases in 3 *Cowen,* 486, 4 *id.* 461, 2 *Wendell,* 446 & 596, the leading principles of which fully maintain the position assumed.    The judgment ought, therefore, to be reversed, and a *venire de novo* should issue.*

* See *Hall* v. *Tuttle,* 8 *Wendell,* 381, recognizing the principle that if a party lends money to another to purchase a chattel, and takes a mortgage for his security, the transaction is fair.