# Breene v. McCrary & Co.

### Trial of Right of Property.

1. *Mortgage of personalty; when valid.* — Personalty passes by a mortgage of both personal and real property, to which the mortgagor affixes his mark without an attesting witness, if its execution is acknowledged before a proper officer who duly certifies it.

2. *Same; when properly admitted to record.* — Upon such an acknowledgment and certificate, such mortgage is properly admitted to record.

APPEAL from the Circuit Court of Hale.

Tried before Hon. M. J. SAFFOLD.

An attachment, issued by a justice of the peace and returnable before him, at the suit of appellees and against one Muse, was levied upon a bag of cotton as his property. Appellant thereupon made the usual affidavit and bond, and a trial of the right was had before the justice, and from his decision, in favor of appellees, an appeal was taken to the circuit court. The plaintiffs in attachment (appellees) relied upon a mortgage duly executed by Muse, on the 3d day of June, 1871 ; the claimant (appellee) offered in evidence a mortgage executed on the 1st day of February, 1871, by Muse, by making his mark only, and without any attesting witness, but it was acknowledged before a justice of the peace, and certified by him in due form, and recorded in the proper office on the 13th day of April, 1871. Both mortgages covered the property claimed, and the latter mortgage covered a tract of land also. It was admitted that plaintiff in attachment had no *actual* notice of the mortgage of appellee.

The court charged the jury, on the written request of plaintiff in attachment, that if they believe the evidence, they must find for the plaintiff, and the claimant excepted. The claimant then requested the court, in writing, to charge the jury that if they believe the evidence, they must find for the claimant. The court refused to give this charge, and claimant excepted. The giving the first charge, and refusing to give the second charge, are now assigned as error.

COLEMAN & SEAY, for appellant.

W. & J. WEBB, *contra.*

BRICKELL, C. J. — Sections one to eight, inclusive, of the Code, are devoted to a definition of words and terms as used in the Code. Among others, it is declared that " signature," or " subscription," when used in the Code, includes mark, where the person cannot write, his name being written near it, and

[Hill v. Huckabee.]

witnessed by a person who writes his own name as a witness. We shall not now express any opinion as to the effect of signatures or subscriptions made by a mark, and not attested, when signature or subscription is required, or whether invalidity is to be imputed to them, or whether by other evidence of execution the want of an attestation can be supplied.

The instrument in question here is a mortgage of real and personal property, and its execution was acknowledged before an officer having authority to take the acknowledgment, who duly certifies it. It was on this certificate properly recorded. The acknowledgment and certificate supplied the want of a witness to the signature. This is certainly true, so far as the instrument operates as a conveyance of real property, by the express terms of the statute. R. C. § 1536. The equity of the statute extends to a conveyance of real and personal property. Otherwise such conveyance as to the lands would be good, when executed by a party who cannot write, and whose mark must be attested by two witnesses; and invalid as to the personal property, the title to which may pass by parol, or by a writing signed by a party incapable of writing, his mark being attested by one witness only. This would be the result of statutes, which, when construed together, require greater formality and ceremony in passing the title to real property, than in passing the title to personal property. The acknowledgment dispensed with the necessity of an attesting witness, if one was necessary under the first section of the Code. The rulings of the circuit court were adverse to this view, and the judgment is reversed and the cause remanded.