# Alabama Warehouse Company *v.* Lewis.

## Statutory Action of Detinue for Bales of Cotton.

1. *Mortgage of personal property; form and requisites of.*—A valid mortgage of personal property may be created by verbal contract; consequently, if it be reduced to writing, informalities in its execution or attestation do not affect its validity.

2. *Definitions of words in Code.*—The definitions of words given by the Code (Rev. Code, §§ 1-8), apply only to those words as therein used.

APPEAL from the City Court of Montgomery.
Tried before the Hon. JOHN A. MINNIS.

This action was brought by David Lewis, against the appellant, to recover six bales of cotton, together with damages for their detention; and was commenced on the 19th January, 1873. "On the trial," as the bill of exceptions states, "the defendant's plea being the general issue, the proof showed that the property sued for belonged to the plaintiff, unless the mortgage under which the defendant claimed to hold it was valid; which mortgage covered the property, and, with the indorsements thereon of probate and registration, was as follows," setting it out. This mortgage was dated the 15th March, 1872; purported to be given to secure the payment of a promissory note for $130, of even date with the mortgage, given for advances to make a crop, and also any future advances that might be made up to the

15th October of that year, and the other stipulations of the contract recited in it as to the delivery and sale of the mortgagor's cotton crop; conveyed to Scharff & Mohr, the mortgagees, the entire crop of cotton and corn which the mortgagor might raise during the year 1872, together with two mules, a wagon, &c.; and purported to be signed by the mortgagor, said David Lewis, and attested by two witnesses, all three making their mark only. Attached to said mortgage was the certificate of a justice of the peace, dated said 15th March, 1872, as to the probate of the instrument before him, on that day, by one of the subscribing witnesses; and the certificate of the probate judge as to its registration. "As appeared from the said mortgage, the signatures of the maker and witnesses thereto were by mark simply. The defendant introduced said mortgage in evidence, and witnesses whose evidence tended to show that said mortgage was read over to the plaintiff, and agreed to by him, and signed with his mark for and as a mortgage, and was supported by a sufficient and valuable consideration; also, that the persons whose names were signed thereto as witnesses, had signed as such by their marks. The plaintiff's evidence tended to show that neither he, nor those persons whose names appeared as witnesses, had ever seen or signed said mortgage, or in any manner assented to or ratified the same. The defendant set up no claim whatever to the property sued for, except under said mortgage. The court charged the jury, *ex mero motu*, that while a parol mortgage of personal property was good, yet, if a person signed a written mortgage of personal property by his mark simply, and such mortgage was not attested by any witness who wrote his name as such, nor acknowledged, such attempt to make a mortgage was futile, and no title passed by such mortgage." This charge, to which the defendant duly excepted, is now assigned as error, with other matters which it is unnecessary to notice.

HERBERT & MURPHEY, for appellant.

STONE & CLOPTON, *contra*.

BRICKELL, C. J.—A deed conveying lands, at common law, is valid, though the grantor signs only by affixing his mark; nor is it necessary there should be an attestation of the signing.—3 Wash. Real Prop. 244-247. The title to personal property will pass without writing, and a verbal mortgage of such property will be enforced.—*Morrow v. Turney*, 35 Ala. 131. There can be no doubt of the validity of the mortgage made by the appellee (plaintiff below) to Scharff &

Mohr, though it is signed only by his mark, and attested by witnesses making their marks, unless we have a statute excluding, or rather prohibiting, the execution in that mode of mortgages of personal property. The statute which, it is argued, must be so construed, is the clause of section one of the Code, which reads, "*signature*, or *subscription*, includes mark, when the person cannot write, his name being written near it, and witnessed by a person who writes his own name as a witness." Sections one to eight are devoted to a definition of words found in the Code. It is not intended to define such words when found elsewhere. If this clause avoids writings, to the validity of which signature or subscription is by mark, and not attested as prescribed, it would not affect a mortgage of personal property, which is valid without writing, and to which the signature of the mortgagor is not required by the Code, or any provision thereof.—*Breene v. McCrary*, 52 Ala. 154; *Wimberly v. Dallas County*, 52 Ala. 196.

In ruling otherwise, the City Court erred, and its judgment is reversed, and the cause remanded.

STONE, J., not sitting, having been of counsel.