# SUPREME COURT OF NEBRASKA.

| 8 | 1 |
|---|---|
| 15 | 54 |
| 22 | 114 |
| 23 | 734 |
| 8 | 1 |
| 38 | 393 |
| 8 | 1 |
| 40 | 898 |
| 8 | 1 |
| 52 | 652 |
| 54 | 246 |

## OCTOBER TERM, 1878.

---

PRESENT:

HON. SAMUEL MAXWELL, CHIEF JUSTICE.
" GEORGE B. LAKE, } JUDGES.
" AMASA COBB,

---

DAVID CONCHMAN, PLAINTIFF IN ERROR, v. SAMUEL M. WRIGHT, DEFENDANT IN ERROR.

1. **Agreements.** A verbal agreement to give and accept security upon personal property is valid between the parties, although of no validity as against creditors and subsequent purchasers in good faith.

ERROR from Washington county district court. Tried below before SAVAGE, J.

*Davis & Tucker* and *E. F. Smythe*, for plaintiff in error.

The cause of demurrer is for the reason that the complaint did not state facts sufficient to constitute any

3

cause of action against the defendant. By the demurrer the defendant admits that the facts and allegations in the petition are true. This brings us square to the argument of the proposition whether a verbal promise or pledge of indemnity, made by a person who receives benefit therefrom, can be enforced by a person who, upon the promise of such indemnity, has been induced to become responsible for the promisor, and has been compelled to pay money. We think the authorities are plain upon this point, and fully sustain us in the assertion that such promises of indemnity (and especially where the promisor has been benefited thereby) can be sustained and the promisor compelled to comply. *Garner v. Hudgins,* 46 Mo., 399. *Harrison v. Sawtel,* 10 Johns., 242. 1 Hilliard on Torts, Sec. 8. *Anthony v. Herman,* 14 Kan., 494. *Grant v. Pendery,* 15 Kan., 236. *Harrison v. Simpson,* 17 Kan., 508.

*Ballard & Walton* and *Carrigan & Osborn,* for defendant in error.

In an action of replevin, under the code, it must appear that the plaintiff was, at the commencement of the action, the *owner* of the property, or had such special property or interest therein—stating the facts in relation thereto—as to entitle him to the immediate possession of the same. Code, Sections 182 and 1034. The petition in this case shows that he had neither. The petition shows that he was *not* the owner. If it were contended that the transaction amounted to a sale to Conchman, it was void, as there was no delivery, and the consideration exceeded fifty dollars. General Statutes, page 393, Section 9.

It is also apparent on the face of the petition that the plaintiff had no mortgage upon the property. A verbal mortgage is unknown to our laws; and if such verbal

mortgage could be created, it would be void, unless there was a delivery and a continuous possession of the chattel in the mortgagee. It has been repeatedly decided by this court—and all recent decisions are to the same effect—that a chattel mortgage is a sale, which transfers the legal title to the mortgagee, and consequently would be void, if the consideration exceeded fifty dollars. General Statutes, page 393, Sec. 9. The authorities cited by plaintiff in error have no application to the case whatever. They all arose under that section of the statute of frauds regulating the liability of a party on his verbal promise to answer for the debt or default of another, and affirm what has been accepted as the law, at least since the case of *Leonard v. Vredenburg*, reported in 8th Johnson, Ch. Rep. page 29, and are to the effect that if the promise is original, and a consideration moves to the promisor, he is bound, because, while paying the debt of another, he is at the same time subserving some interest of his own. *Leonard v. Vredenburg*, 8 John., Ch. 29. *Mallory v. Gillett*, 21 N. Y., 412.

MAXWELL, CH. J.

This is an action of replevin. The plaintiff filed a motion in the court below to strike out certain parts of the petition, which was sustained, to which the plaintiff excepted. The defendant then filed a general demurrer to the petition, which was sustained by the court, to which the plaintiff excepted. The court then proceeded to assess the defendant's damages, and rendered judgment against the plaintiff for a return of the property, or in case of failure to return the same, a judgment for the sum of $101 and costs. The cause is brought into this court by petition in error.

The petition alleges that the plaintiff is entitled to

the immediate possession of certain personal property on which he claims to have a lien, by virtue of a verbal agreement with the defendant that the property should be held by the plaintiff as security for the payment of a certain promissory note, executed by the defendant with the plaintiff as security, which note the plaintiff was compelled to pay. The petition also alleges that the defendant wrongfully detains the property in question, and "that said property was not taken in execution on any order or judgment against plaintiff, or for the payment of 'any tax, fine, or assessment assessed against him, or by virtue of an order of delivery issued in replevin under and by the laws providing for replevin, of the state of Nebraska, or by any mesne or final process against the plaintiff."

The petition states sufficient to entitle the plaintiff to recover.

As between the parties to the transaction, a chattel mortgage need not be in writing. A verbal agreement to give and accept security is valid between the parties, although of no validity as against creditors and *bona fide* purchasers. It follows that the court erred in sustaining the demurrer.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.