STEPHEN CEAS, AS ADMINISTRATOR, ETC., OF JEREMIAH CEAS, DECEASED, RESPONDENT, *v.* JAMES H. BRAMLEY, APPELLANT.

*Verbal pledge or mortgage — delivery essential to the validity of.*

The defendant being surety upon a note given by Ceas, the plaintiff's intestate, to one McIntosh, it was agreed, after the maturity of the note, that defendant would remain liable as surety one year longer and Ceas agreed to turn over to him a horse, and in case defendant had to pay the note, the horse was to be his property, and he was to have the right to go and take it. The horse was not present at the time of this agreement nor was he ever delivered to defendant. An action was commenced on the note, the defendant being served with process on the day Ceas died, but no service was ever made on Ceas. The defendant having paid the note and costs took the horse.

In an action by the plaintiff as administrator of Ceas, to recover the same, *held,* that the agreement conferred no title to the horse upon the defendant and that the plaintiff was entitled to recover.

APPEAL from a judgment of the County Court of Delaware county in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon a case and exceptions.

The action was brought by the plaintiff as administrator of the estate of his father, Jeremiah Ceas, to recover damages alleged to have been sustained by the wrongful conversion of a horse belonging to the intestate at the time of his death. The said Jeremiah Ceas died on the 25th of December, 1876, having this horse in his possession. The defendant was surety upon a note given by said Jeremiah Ceas and the defendant to one McIntosh, December 29, 1872, for $100, loaned by McIntosh to Ceas. On the 30th day of January, 1876, Jeremiah Ceas and defendant met and in the

presence of McIntosh, the defendant agreed to remain as surety upon the note another year, and Jeremiah Ceas agreed to turn out to him the horse in question as security for his liability upon the note, and in case the defendant had to pay the note the horse was to be his property and he was to have the right to go and take possession of him. This was all by parol and the horse was not there, and no actual delivery was ever made, nor was there any change of possession during the lifetime of Ceas. In the fall of 1876, the defendant notified McIntosh that he must proceed to collect the note of Ceas, and he thereupon commenced an action upon the note in the Supreme Court against both makers, in which the summons was served upon defendant upon the day of Ceas' death, but no service was ever made upon Ceas. The defendant then paid the note and costs, amounting to $133, and then went on the 3d day of January, 1877, upon the premises recently occupied by Ceas and took possession of the horse and led him away. The plaintiff was appointed administrator March 5, 1877, and shortly afterwards demanded the horse of defendant, who refused to give him up, and thereupon this action was brought. Jeremiah Ceas was indebted, at the time of his death, to various parties, which debts are still unpaid.

*George Adee*, for the appellant.

*Davie & Arbuckle*, for the respondent.

BOARDMAN, J. :

This was not a pledge because there was no delivery of the property to the defendant. (Edws. on Bail., §§ 176, 209.) Neither was it a chattel mortgage, because there was no absolute sale defeasible on condition, nor was there any delivery of the property by way of transfer of title as a security for a debt to be paid. (2 Wait, Act. & Dif., 165, etc.) A chattel mortgage may, doubtless, be made by parol, but in such case something more is necessary than mere words. In all the cases cited delivery of the mortgaged property accompanied the parol contract held to be a chattel mortgage. (*Ackley* v. *Finch*, 7 Cow., 290; *Ferguson* v. *Union Furnace Co.*, 9 Wend., 345; *Bank of Rochester* v. *Jones*,

4 N. Y., 506; *Bardwell* v. *Roberts*, 66 Barb., 433.) In the last case delivery is held to be essential to the validity of a parol chattel mortgage.

If the transaction be treated as a sale of the horse, then such sale was void by the statute of frauds, and was without consideration. The contract was not reduced to writing and signed by the parties; there was no delivery and no money paid. The payment made by defendant to McIntosh, about the 1st of January, 1877, was ineffectual to validate a void contract, for two reasons: (1.) That at the time of such payment, Jeremiah Ceas, the other party to the contract, was dead; and, (2.) That such payment was not made with the purpose of complying with the statute, nor could the contract then have been reaffirmed or restated so as in effect to constitue a new contract as of the time when the payment was made. (*Hunter* v. *Wetsell*, 57 N. Y., 375.) There was an absence of consideration since the defendant's position as surety for Ceas remained the same after as before the alleged contract.

If the transaction can, by possibility, be considered a parol chattel mortgage, it was void as to the creditors of Ceas, and, on the evidence in this case, the plaintiff represents the creditors and can attack the defendant for taking this property after the death of Ceas. (*Babcock* v. *Booth*, 2 Hill, 181.) If the right of the plaintiff, as the representative of the creditors of the intestate, was doubtful in 1841, when *Babcock* v. *Booth* was decided, chapter 314 of Laws of 1858, removes that doubt and extends the remedy of the administrator of a deceased person so as to include this case. (*Levin* v. *Russell*, 42 N. Y., 251.) As a chattel mortgage it was fraudulent in law as against the creditors of the intestate, and hence the property was assets in the hands of the intestate's administrator for the payment of debts. The defendant, by taking such property after the intestate's death and converting it to his own use, became liable to this action. (*Husted* v. *Ingraham*, 8 Week. Dig., 33.)

We think the judgment is correct and that the motion for a new trial was properly denied.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment and order affirmed, with costs.