MARTIN W. SPARKS, PLAINTIFF IN ERROR, V. ELISHA J. WILSON, DEFENDANT IN ERROR.

1.  **Contract:** CONSIDERATION.  A verbal contract upon a sufficient consideration, by which the owner grants a lien upon personal property to another to secure an obligation, is valid between the parties and those having actual notice of the existence of such lien.

2.  **Chattel Mortgage:** CONSIDERATION.  A purchased a span of horses of B, giving his note therefor, with C and D as sureties.

To induce C to sign the note as surety, A promised to execute a chattel mortgage on said property to C, and further agreed that until the execution of said mortgage C should retain a lien on said property. Afterwards A executed a mortgage to one E, on said property, and soon afterwards left the state without having executed a mortgage to C. D thereupon, in consideration that C would release his claim on the property, executed a chattel mortgage upon other property to secure C against the payment of a part or all of the note held by B. *Held*, That the mortgage from D to C was not without a consideration.

3. ———: ———: QUESTION FOR JURY. Where a mortgage is executed by one co-surety to another, to secure him against a contingent liability as surety, and there is a conflict in the testimony as to the amount to be secured, the question is one for the jury.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*Robert S. Bibb*, for plaintiff in error.

*Pemberton & Bush*, for defendant in error.

MAXWELL, CH. J.

This is an action in replevin, brought by the defendant in error against the plaintiff to recover the possession of certain personal property claimed by the plaintiff under a chattel mortgage executed by the defendant.

On the trial of the cause the jury returned a verdict in favor of the defendant in error. The plaintiff thereupon made a motion for a new trial, which motion was overruled and judgment was entered on the verdict.

The principal error relied upon is, that the verdict is contrary to the evidence.

The testimony tends to show that on the 2d day of January, 1884, one Evans executed a note for the sum of $275, to John J. Sparks; this note was signed by the plaintiff in error and the defendant in error as sureties; it was

8

due in ten months from date. The note was given for a span of horses purchased by Evans from John J. Sparks. To induce the plaintiff in error to sign said note as surety, Evans agreed to execute a mortgage to him upon said horses, and further agreed that until the execution of said mortgage the plaintiff should retain a lien on said property for the amount of the note. Some time prior to or on the 9th day of January, 1884—the exact date does not appear—Evans and the defendant herein purchased a power corn sheller from the Sandwich Manufacturing Company, at Beatrice. To secure the payment of the purchase price Evans executed a mortgage upon the corn sheller, and also upon the horses purchased from Sparks. On or about the 15th day of January, 1884, Evans being about to execute a mortgage upon the horses in question to the plaintiff, it was discovered that he had previously mortgaged the same to the Sandwich Manufacturing Company. Evans thereupon seems to have left the state. On the 16th of January, 1884, the plaintiff and the defendant went to the office of an attorney in Beatrice, and the mortgage in question was executed by the defendant upon his individual personal property. The consideration for this mortgage was, that the plaintiff should surrender all claim to the horses in question and permit the defendant to take said property and use the same.

In the court below the jury seems to have found that there was no consideration for this mortgage, and that, therefore, the plaintiff could not recover. The testimony is not clear as to whether Evans was in possession of the horses at the time he executed the mortgage to the Sandwich Manufacturing Company, nor is it shown that the mortgage executed by him to said company was superior to the rights of the plaintiff.

As between the parties and those having actual notice, a verbal mortgage is valid, and is only void as to creditors and subsequent purchasers in good faith. *Conchman v. Wright*, 8 Neb., 1.

That the plaintiff had an interest in the property, of which the defendant had actual notice, there is no doubt. The extent of that interest need not be determined, as it does not arise in this case.

There is a conflict in the testimony as to the exact sum guaranteed by this mortgage. The plaintiff contends that the mortgage was given to secure the entire sum of $275, while the defendant testifies that it was simply intended to secure one-half of the amount due on said note. There being thus a direct conflict on that point, that question must be determined by a jury.

It appears that the plaintiff has paid the note in question, and is entitled to contribution, but except for the mortgage in question, he would have no lien to secure the same. There is testimony in the record from which it appears that the Sandwich Manufacturing Company took possession of said horses under their mortgage, as stated by their attorney, "I think, in February—since I come to think, the horses were kept here in the stable a good while before they were sold, but they were taken shortly afterwards. I may be mistaken as to time, but I know they were kept here until they ate their heads off." The question of a co-surety obtaining possession of the property, therefore, does not enter into the case.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.