## LOUIS WEIL v. W. H. RYUS.

1. UNPAID BOARD BILL; *Valid Verbal Chattel Mortgage.* Where a boarder at a hotel becomes indebted for board, and to secure the indebtedness agrees verbally with the keeper thereof that the goods and effects kept in a certain room occupied by him in the hotel shall not be removed therefrom, but shall stand as security for such unpaid bill, and such boarder is thereafter turned out of the hotel because of the non-payment of the board bill, and the goods are taken possession of by the keeper, *held,* that said agreement constitutes a good and valid verbal chattel mortgage as between the parties.

2. REPLEVIN — *Finding of Value, When not to be Complained of.* Where, in an action of replevin, the property is turned over to the plaintiff, and at the trial judgment is rendered for the defendant, and the value found to be greatly less than the amount stated by the plaintiff in the affidavit of replevin, *held,* that such finding of value cannot be complained of by the plaintiff where he fails to return the property as directed by the judgment.

*Error from Wyandotte District Court.*

ACTION brought by *Weil* against *Ryus* before a justice of the peace of Wyandotte county, to recover certain personal property; appeal to the district court, and trial therein at the April term, 1886, and judgment for the defendant. The plaintiff brings the case here. The record presents substantially the following facts: In 1884 the defendant was keeping a hotel at Wyandotte, Kansas, and in February the plaintiff and his wife began boarding at the hotel under a contract to pay one dollar per day each. They remained at the hotel until the 16th day of October, at which time, being unable to pay their bill, and being largely indebted to the defendant, they were turned out of the house and their room locked up, and certain wearing apparel and goods and effects retained by the defendant. Immediately thereafter this action was brought to recover the possession of these goods. The defendant claims that about the first of July the plaintiff was indebted to him for board in the sum of about one hundred dollars, and also further indebted to the amount of thirty-six dollars for the rent of a room in another building occupied by the plaintiff

as an office. The defendant, desiring to secure said indebtedness, urged the plaintiff to secure it by mortgage on his effects. The plaintiff executed to the defendant a chattel mortgage to secure the rent of the office, upon certain personal effects and goods. The defendant insisted upon a chattel mortgage for the amount of the board bill, but the plaintiff refused to give it, but said that all the effects and goods he then had in the room in the hotel should remain there until his board bill was paid, and that the defendant could retain those goods as security for the claim. This was denied by the plaintiff.

*D. B. Hadley,* and *J. W. Jenkins,* for plaintiff in error.

*Hale & Miller,* and *Stevens & Stevens,* for defendant in error.

Opinion by CLOGSTON, C.: The errors alleged, and which we are asked to review, are the refusal to give certain instructions asked for by the plaintiff, and giving certain instructions at the request of the defendant, and that no evidence was offered to show the value of the goods. The instructions asked for by the plaintiff and refused by the court are as follows:

"2. If you find plaintiff was the owner of the property, then to give defendant the right of possession, the owner could give him that right in one of two ways; 1, by a mortgage; 2, by a pledge or power.

"3. If you find that defendant has the right to take possession by reason of a pledge or power, then defendant must have actual possession to give him that right, and the burden of proof is upon him to show by a preponderance of evidence that he had such possession."

In the ruling of the court on these instructions, we see no error. Instruction two provides, by inference at least, that the plaintiff could give the defendant no right in the property, save and except by pledge or mortgage. Instruction three, refused, in substance asserts that no right or interest in property by mortgage or pledge can be given unless such mortgage or pledge be in writing, or the possession be surrendered by the mortgagor. This we do not think correct. Verbal mort-

gages may be given, and be as binding and effectual between the parties thereto as though the mortgage had been reduced to writing, and this although the possession is retained by the mortgagor. (*Bates v. Wiggin*, 37 Kas. 44.) He has no right to complain or be heard to say that the mortgage for that reason was void. The record shows that while no written mortgage or pledge was made, yet there was a contract by which the plaintiff was not to remove his goods from the room in the hotel until his board bill was paid. He was placing this property as security for the indebtedness; he was to surrender it or leave it in the room, and not remove it until this debt was paid, and by virtue of this agreement defendant took possession of the goods. This, we think, was a sufficient contract and possession upon which the defendant might hold the property.

The instructions given by the court at the request of the defendant were in substantial compliance with the law applicable to the facts of this case. The instructions simply provided that a verbal chattel mortgage was good between the parties, and that where goods are so pledged or mortgaged to secure a board bill at a hotel, the defendant has the right to retain the goods to prevent the occupant from removing them, and that no particular words are necessary to constitute such a mortgage or lien upon the property; that if the property was by the owner so pledged or mortgaged, and such pledge or mortgage received by the creditor, it was all that was necessary to constitute a binding contract between the parties. The record shows that at the time of bringing this action the plaintiff was still indebted to the defendant in the sum of $177 for board. He had received this credit upon the strength of this mortgage or pledge of goods, or largely so, and because defendant would not longer board him without payment he was compelled to leave the house. We think he had no cause of complaint. The record shows upon its face that he had a fair trial by the court and jury, and no errors appear therein.

As to the last objection urged by the plaintiff, the record shows that the affidavit in replevin alleged the property to be

worth $82. There was some evidence to show that some of the property was not returned by the officer to the plaintiff at the time the property was replevied, but was afterward returned to the plaintiff; yet there was no evidence other than the affidavit, and the fact that the plaintiff testified to the value of the goods that were not at first returned to him. We think that where the amount found by the jury was so much less than the value stated by the plaintiff, he cannot be heard to complain of that fact. If the value fixed was more than the worth of the goods, then he had the option to return them; the verdict being for $40, or less than half the value alleged by the plaintiff, no material error was committed by this finding of the value.

We are therefore of opinion that the judgment of the court below should be affirmed.

By the Court: It is so ordered.

All the Justices concurring.