## J. W. Crews v. J. R. Harlan.

### No. 1429.    Decided May 29, 1905.

**Chattel Mortgage—Parol Reservation of Title.**

Under article 3327, Revised Statutes, a verbal reservation of title in personal property to the vendor, at the time of the sale, to secure the payment of the purchase money thereof, though ineffectual to prevent the title from passing constitutes a valid mortgage as between the vendor and vendee. (Pp. 97, 98.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Navarro County.

*J. S. Simkins* and *Richard Mays*, for appellant.—Assuming that appellee would be otherwise entitled to recover on his notes and lien, the holding of the trial judge, that the cause of action thus set up, could not be litigated in the county court in the manner attempted, was manifestly correct, because appellee could not set up a new cause of action for the first time in the county court. White D. M. Co. v. Hertzberg, 92 Texas, 528; Texas & St. L. Railway v. Melear, 2 W. & W., sec. 457; Dallas v. McAllister, 30 S. W., 452; Maass v. Solingsky, 67 Texas, 290; Boudon v. Gilbert, 67 Texas, 690; Slover v. McCormick, 12 Texas Civ. App., 446; Blanton v. Langston, 60 Texas, 149; Curry v. Terrell, 1 W. & W., sec. 240.

The justice court would not have had jurisdiction, in the first instance, to render judgment on the notes and foreclose the mortgage lien set up by appellee, because the matter in controversy was not only the debt, but also the security given for its payment. The litigation comprehended the subject of the mortgage as well as the debt. And the trial court properly held that the justice court being without jurisdiction, the county court could acquire none by the appeal. Marshall v. Taylor, 7 Texas, 235; Lawson v. Lynch, 9 Texas Civ. App., 582; Lane v. Howard, 22 Texas, 7; Munroe v. Schwartz, 4 Willson, sec. 104; Cotulla v. Goggan, 77 Texas, 32.

The justice court not having jurisdiction of the suit on the notes with foreclosure of mortgage lien on the two mules, the want of it could not be cured in the county court by abandoning any part of the cause of action after the case had reached the county court on appeal, for the purpose of giving that court jurisdiction. Cotulla v. Goggan, 77 Texas, 32; Schwartz v. Frees, 31 S. W., 214; Timmins v. Bonner, 58 Texas, 555.

In addition to the authorities referred to in the certificate filed by the Honorable Court of Civil Appeals, appellant cites the following authorities, holding that a verbal mortgage or lien is not recognized as

valid or enforceable in Texas, in the absence of possession by the mort-
gagee. Harrold v. Barwise, 10 Texas Civ. App., 138; Lazarus v. Hen-
rietta National Bank, 72 Texas, 354; Hastings v. Kellogg, 36 S. W., 821;
Notes, Batts' State, art. 3327; Hastings v. Kellogg, 24 S. W., 846;
Newsom v. Beard, 45 Texas, 151; Simkins' Equity, 265; Jenkins v.
Eichelberger, 4 Watts (Pa.), 121; McCaffery v. Wooden, 62 Barb. 317;
Allen v. Shortridge, 1 Duvall (Ky.), 34; Parlin v. Davis, 74 S. W., 951.

The statutes of New York are similar to those of Texas. Stewart v.
Platt, 101 U. S., 735; Ceas v. Bramley, 18 Hun (N. Y.), 187; Ackley
v. Finch, 7 Cow., 290; Ferguson v. Union Furnace Company, 9 Wend.,
345; Bank of Rochester v. Jones, 4 N. Y., 506; Bardwell v. Roberts,
66 Barb., 433; Simkins' Equity, 264; Bowen v. Lansing Wagon Works,
91 Texas, 390.

A lien upon personalty at common law is founded on possession,
actual or constructive, and the right to detain the property until some
claim in which the lien originates is satisfied or discharged. It involves
the right to an uninterrupted possession while it exists; and is lost, or
waived, when possession is voluntarily surrendered. Jenkins v. Eichel-
berger, 4 Watts (Pa.), 121; Miller v. Marston, 35 Me., 153; Allen v.
Shortridge, 1 Duvall (Ky.), 34; Jordan v. James, 5 Ham. (Ohio), 89;
Cobbey on Chattel Mortgages, sec. 85; Jones on Chattel Mortgages,
p. 3; Sims v. Canfield, 2 Ala., 555; Tannahill v. Tuttle, 61 Am. Dec.,
480; Willis v. Moore, 59 Texas, 628; Parlin v. Davis, 74 S. W., 951.

*Callicutt & Call,* for appellee, cited.—Arwine v. Arwine, 3 White &
W. C. C., sec. 155; Leath v. Uttley, 66 Texas, 82; Parlin v. Howell,
27 S. W. Rep., 1084; Farmers' Natl. Bank v. Henderson, 29 S. W.
Rep., 562; Lang v. Rickmers, 70 Texas, 110; Hall & B. Machine Co.
v. Brown, 82 Texas, 469; Sumner v. Wood, 42 Am. Rep., 104; Rose
v. Story, 44 Am. Dec., 121; Cobb v. Tufts, 2 White & W. C. C., sec. 153;
Benjamin on Sales, sec. 320; Heinbockle v. Zugbaum, 51 Am. Rep.,
60; Amker v. Comparet, 62 Texas, 470; Mount v. Harris, 40 Am. Dec.,
89; Dunbar v. Rawles, 92 Am. Dec., 311; Note, 94 Am. St. Rep., 209-
211, 238; 1 Parsons on Contracts, sec. 203; Abbott's Trial Evidence,
360, note 3; Blackburn on Sales, 167, 152; Segrist v. Crabtree, 131
U. S., 287.

GAINES, Chief Justice.—This is a certified question from the
Court of Civil Appeals of the Third Supreme Judicial District. The
statement and question are as follows:

"The appellee, J. R. Harlan, in August, 1901, sold and delivered to
the appellant, J. W. Crews, two mules in consideration of the execution
and delivery by the said Crews to him, the said Harlan, of two certain
promissory notes, each dated August ——, 1901; one due the 1st of
October, 1902, for $105, without interest, and the other due the 1st of
October, 1903, for the sum of $87.50, with interest at the rate of five
percent per annum from date. At the time of the sale and delivery of
the property and execution and delivery of the notes, it was verbally
understood and agreed by and between the parties, that the title to
said mules should remain in the appellee until the full payment of said

notes by appellant, when the title should vest in him. After the maturity of said first note and default in the payment thereof, appellee, on September 3, 1903, instituted suit in the justice's court of Navarro County to recover the title and possession of said mules, alleging in his complaint that possession of said property was delivered to the appellant upon express condition that title to same should remain in appellee until paid for by appellant.

"In the justice's court the appellee recovered judgment for the title and possession of the mules; and appellant appealed from said judgment to the county court, where the appellee again recovered judgment for the title and possession of said mules; from which judgment of the county court the defendant, J. W. Crews, appellant here, has duly appealed to this court.

"In the county court, in addition to pleading title and right of possession in him to the property, and praying for the recovery thereof. appellee pleaded:

" 'Second.—This plaintiff further shows to the court that in about the fall of 1901, the plaintiff delivered to the defendant the two mules in controversy and above described, and described in plaintiff's citation and affidavit for sequestration, but gave no bill of sale therefor to defendant; but that it was intended between plaintiff and defendant that no title should pass to the defendant until said defendant should pay for said mules in full to plaintiff, and defendant should have the right to become the owner of said two mules only when he should pay to the plaintiff amounts on the following dates, to wit: The sum of $105 on or about October 1, 1902, and interest, and the sum of $87.50 on or about October 1, 1903, and interest; and until said amounts, etc., above, were paid to plaintiff by defendant, the said mules were to remain the property of plaintiff, and the two mules were to stand and to remain good as security for the payment of the purchase money, and the title to be reserved in the plaintiff until the above amount should be paid off and discharged by defendant, according to his promise and agreement. . . . That if it should be found or determined that under the law, title passed to said Crews, the defendant, and that said Crews became indebted to plaintiff for the price of said mules, and that under the law the plaintiff has a lien on said mules for said purchase price, or that said mules under the law stood good for the purchase price, and that plaintiff has a lien thereon therefor and not absolute title thereto, holding that a reservation of title is a lien under the law, then the plaintiff sues the defendant and asks judgment in the alternative for the sum of $10, which was due and to be paid October 1, 1902, without interest, and for the sum of $87.50, with interest (this plaintiff here specially waiving any attorney's fees on said amounts and sums, if he is entitled thereto, and setting no claim to 10 percent attorney's fees, or attorney's fees for any other amount), and for the establishment and foreclosure of his lien on said mules involved in this suit against defendant and his sureties, as above set out, and for costs and general relief.'

"To the pleading quoted appellant excepted, and the court below sustained the exceptions and struck from the record said pleading, to

which action of the court appellee duly excepted. The appellee has filed and brought up in the record and presented in his brief, the following cross-assignment of error:

" 'The court erred in sustaining general and special exceptions to all that part of appellee's pleading setting up a recovery on the notes executed by appellant, and the existence of a lien to secure payment thereof on the mules in controversy, and the foreclosure of said alleged lien.'

"This court has decided to reverse the case upon the ground that the verdict of the jury and judgment of the court below, finding for and adjudging to appellee the title and right of possession to the property involved, is not supported by the evidence, because the uncontroverted testimony in the record shows that appellee had parted with such title and right of possession by the sale and delivery of the property to appellant, as before stated; it being the opinion of this court that appellee, by the sale of the mules and reservation of title to the same in himself, as security for the purchase money thereof, and having delivered the possession of same to appellant, parted with the title and possession thereof, and the transaction constituted a mortgage under art. 3327, Sayles Revised Statutes, if such reservation, being verbal, would in law constitute a valid mortgage. If the verbal reservation of the title to the property in appellee, as between the parties, constituted a valid mortgage, then the court below erred in sustaining the exceptions to appellee's said pleadings, and the case should be reversed and remanded; otherwise, it should be reversed and rendered.

"Question.

"Did the verbal reservation of title in appellee to the property, at the time of the sale, to secure the payment of the purchase money thereof (possession of said property being delivered to the appellant at the time of the sale) constitute a valid mortgage between appellant * and appellee?

"This question is very important to the business public, and in the opinion of this court, it has not been definitely and authoritatively settled or decided by the Supreme Court; and while it is stated in the case of Lazarus v. Henrietta National Bank, 72 Texas, 356, Judge Walker delivering the opinion for the Supreme Court, 'it has been held that a mortgage upon personal property, without delivery, can not be made by parol,' no case is cited in support of the doctrine, except Gay v. Hardiman, 31 Texas, 250, decided by the Reconstruction Court, Lindsay, J., delivering the opinion of the court.

"It will be observed that the principal issue in the case of Lazarus v. Bank, was as to the rights of a party under a subsequent conveyance. The opinion in the case of Gay v. Hardiman, supra, does not appear to be well considered, as, after stating there is no statute regulating the matter, it simply asserts the broad proposition that it was impossible by the common law to verbally reserve a lien on personal property at the sale thereof, because an actual or constructive delivery was necessary to effectuate a sale of personal property; and when the delivery was made, the right of property was absolute in the buyer, without citing any authorities sustaining such proposition.

"In Prendergast v. Williamson, 6 Texas Civ. App., 730, Justice Light-foot, delivering the opinion of the court, uses this language: 'It follows that if they had a verbal lien, which might be good *as between the parties,* yet, unless they were in actual possession of the property, such lien would not be valid against a subsequent purchaser or mortgagee, or lienholder in good faith.'

"The following authorities seem to hold that a verbal mortgage is valid as between the parties: Cobbey on Chattel Mortgages, vol. 1, secs. 13-16; Jones on Chattel Mortgages (3d ed.), secs. 2, 3; Morrow v. Turney's Admr., 35 Ala., 131; Brooks v. Ruff, 37 Ala., 371; Stearns v. Gafford, 56 Ala., 544; Alabama Warehouse Co. v. Lewis, 56 Ala., 514; Brown v. Coats, 56 Ala., 439; Bickley v. Keenan & Co., 60 Ala., 293; Glover v. McGilvray, 63 Ala., 508; Rees v. Coats, 65 Ala., 256; Hill v. Nelms, 86 Ala., 442; Conchman v. Wright, 8 Neb., 1; Sparks v. Wilson, 22 Neb., 112; Bates v. Wiggin, 37 Kan., 44; Am. & Eng. Ency. Law (2d ed.), vol. 5, p. 954. And as also bearing upon the question, see: Furgeson v. Union Furnace Co., 9 Wend., 345; Ackley v. Finch, 7 Cow., 290; Bank of Rochester v. Jones, 4 N. Y., 497; Whiting v. Eichelberger, 16 Iowa, 422; Weil v. Ryus, 39 Kan., 564; Loyd v. Currin, 3 Humph., 462; Bardwell v. Roberts, 66 Bar., 433."

The determination of the question depends upon the construction of the Article of the Revised Statutes referred to in the statement. That Article reads as follows: "All reservations of the title to or property in chattels as security for the purchase money thereof, shall be held to be chattel mortgages, and shall, when possession is delivered to the vendee, be void as to creditors and bona fide purchasers, unless such reservations be in writing and registered as required of chattel mortgages; provided that nothing in this law shall be construed to contravene the landlord and tenant act." (Rev. Stat., art. 3327.) The statute was probably passed in the interest of creditors. It had become a custom in this state for manufacturers and dealers to sell their wares upon a credit and to deliver possession on condition that the title should not pass until the purchase money was paid. The City National Bank v. Tufts (63 Texas, 113) was a case of that character. There it was held that since the sale was conditional upon the payment of the purchase money, the creditors of the buyer could not subject the property to the payment of their debts until the condition had been performed.

The evil of the law as it then existed was, that it permitted one to acquire the possession of personal property to which he had an incomplete title and to obtain credit upon the faith thereof to the detriment of his creditors. It was to correct this evil that the statute in question was passed. The method by which this end was sought to be accomplished, was by providing that by operation of law the conditional sale should take effect only as a mortgage to secure the unpaid purchase money, and to make it wholly ineffectual as to creditors unless reduced to writing and registered as other chattel mortgages. The effect of the statute is to change the nature of the contract from that of a sale to take effect so as to pass the title, only upon payment of the purchase price—to a mortgage to secure the debt. Now, we presume that it

will not be doubted, that previous to the passage of this law, a conditional sale of the character of that defined in the Act could be made by an oral agreement. The language of the Act is general—"all reservations of title," and includes oral as well as written contracts which reserve title to property sold and delivered. There is nothing in the article which indicates that it was not to apply to contracts not in writing. On the contrary, the words "unless such reservations be in writing," etc., clearly imply that in the opinion of the lawmakers, there may have been lawful contracts which reserve the title, although not in writing. Therefore, we think that the contract in question would, without the statute, have been a valid agreement by which the seller would have retained the title to the mules until the purchase money was paid; and that the effect of the statute was to pass the title and to degrade the contract from a conditional sale to a chattel mortgage. We are also of the opinion that this would be the effect of the statute, whether or not under the previous law a chattel mortgage may be created by contract merely oral. Whether ordinarily a chattel mortgage may be so created, is a question the determination of which is not necessary to the decision of the question certified, and we therefore express no opinion upon it.

We answer the question certified in the affirmative.