# Penton *v*. Williams.

## *Assumpsit.*

(Decided March 2, 1907.  43 So. Rep. 211.)

1. *Bonds: Complain; Signature; Mark.*—A count in a complaint declaring on a written instrument under seal for the payment of money which alleges that defendant executed said instrument by having his name signed thereto and making his mark does not show on its face that there was no witness to the instrument and is not demurrable on that ground.

2. *Signature; Words and Phrases; Statutory Provisions.*—Section 1, Code 1896, does not change the common law so as to invalidate instruments evidencing contracts not required by a statute to be in writing, although signed by mark without a witness, and the absence of witnesses to a written instrument under seal for the payment of money, signed by mark, does not show the illegal execution of such instrument.

3. *Bonds; Waiver of Homestead Exemptions; Contracts; Validity.*—A contract may still stand as a promise to pay, although a clause therein waiving the right of homestead exemption is void for lack of statutory execution.

4. *Same; Defenses; Pleading.*—Where the execution of a written instrument is not put in issue by a plea of *non est factum* such instrument must be regarded, in a suit thereon, as the act of the party alleged to have executed it.

APPEAL from Coosa Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by J. A. Penton against Joe Williams. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The complaint in this cause is in the following language: "(1) Plaintiff claims of the defendant the sum of seventy-five dollars, with the interest thereon, by written instrument under seal executed by the defendant on July 2, 1904, due and payable to plaintiff ten days after date; and plaintiff further avers that in said instrument defendant promised to pay a reasonable attorney's fee for collecting, and plaintiff avers that fifteen dollars is a reasonable attorney's fee for collecting said note, and that the same has been placed in the hands of D. H. Riddle, an attorney, for collection; and plaintiff claims the further and additional sum of fifteen dollars as attorney's fee for collecting. (2) Plaintiff claims of the defendant seventy-five dollars, with interest due thereon, due the plaintiff from the defendant by written instrument under seal, executed by the defendant on the second day of July, 1904, due and payable to plaintiff ten days after date. Defendant executed said instrument by having his name signed thereto and making his mark"—concluding as does count 1 as to attorney's fee. Demurrers were interposed, and sustained, to the complaint as follows: "Because there is a misjoinder of the counts, in that it is an attempt to prove a count declaring on a waiver instrument without a waiver. (2) Because the count shows on its face that the instrument sued on was not legally executed, in this: It shows that the instrument was signed by mark only by the defendant, and was not signed by any one as a witness who wrote his name." The instrument offered in evidence and excluded was an instrument under seal promising to pay a sum certain by a day certain, and conveying several pieces of personal property to secure the payment at maturity. It was recorded in the office of the judge of probate of Coosa county, was signed by mark by Joe Williams and another, not sued, but was without attesting witness. The court gave

the general charge for the defendant, and the plaintiff appeals.

D. H. RIDDLE, for appellant.—The court erred in sustaining the 1st ground of demurrer to count 2. One may claim a waiver in one count and omit the waiver in another, unless one is seeking to recover on two different instruments. If plaintiff saw fit to abandon·his claim in the circuit court for a·waiver of exemptions he had a right to do so and it would not constitute a departure.—*Langerfelt v.· McKia*, 100 Ala. 430; *Oden v. Bonner*, 93 Ala. 393; *Recd.v. Scott*, 30 Ala. 640; *Albright v. Mills*, 86 Ala. 324; *York Co. v. Bessemer*, 111 Ala. 332. The court erred in sustaining objection to the introduction of the written instrument. There was no plea of non est factum on file.—*Wimberley v. Dallas*, 52 Ala. 196. Although the exemptions were not executed as required plaintiff could recover on the instrument as a promise to pay.—*Bickley v. Keenon*, 60 Ala. 293; *Alabama Warehouse Co. v. Lewis*, 56 Ala. 514; *Bates v. Hart*, 124 Ala. 427. Interested parties may act as witnesses in‾ all cases except where the estates of deceased persons are interested.—*Henry v. Hall*, 106 Ala. 84; *Schneider v. Budke*, 84 Ala. 53; *Rupert, et al., v. Elston;* 35 Ala. 79; *O'Neill v. Reynolds*, 47 Ala. 197; *Smith v. Bryan*, 60 Ala. 230; *Alabama Gold Life Insurance Co. v. Clay*, 62 Ala. 566.

LACKEY & BRIDGES, and GEORGE A. SORRELL, for appellee.—No brief came to the Reporter.

SIMPSON, J.—This action was commenced in the justice of the peace court on a complaint describing a sealed instrument with waiver of exemptions. In the circuit court, a count was added, omitting the·waiver of exemption clause, and stating that the defendant executed the instrument by having his name signed thereto and making his mark. Defendant demurred to count No. 2 of the complaint as amended.

The first cause of demurrer, as it appears on the record ᵢs unintelligible, to wit: That it is "an attempt

to prove a count declaring on a waiver instrument without a waiver." The second cause is that the count "shows on its face the instrument sued on was not legally executed, in this: It shows that the instrument was signed by mark only by defendant, and was not signed by any one as a witness who wrote his name." There was error in sustaining this demurrer, because, in the first place, the allegations of the count do not necessarily show that there was no witness to the instrument, and, in the second place, even if there were no witnesses to it, that would not show that the instrument was illegally executed. Section 1 of the Code of 1896 does not change the common law, so as to invalidate instruments evidencing contracts not required by statute to be in writing, though signed by mark without a witness.—*Ala. Warehouse Co. v. Lewis*, 56 Ala. 514; *Bickley v. Keenan & Co..*, 60 Ala. 293; *Bates v. Harte*, 124 Ala. 428, 430, 26 South. 898, 82 Am. St. Rep. 186.

Even though the clause waiving the right of homestead exemption is void for lack of execution of the agreement according to statute, the contract still stands as a promise to pay.—*Brown v. Bamberger, Bloom & Co.*, 110 Ala. 342, 20 South. 114.

The court erred, also, in refusing to allow the instrument sued on to be introduced in evidence. In addition to the authorities above cited as to the validity of the contract, the execution of the instrument not having been put in issue by a plea of non est factum, it "must be regarded as the act of the defendant."—*Wimberly v. Dallas*, 52 Ala. 196; *Bickley v. Keenan & Co.. supra*...The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.