PLANTERS' CHEMICAL & OIL CO. v. MORRIS. (7 Div. 992.)

(Court of Appeals of Alabama. May 20, 1924.)

1. Bills and notes ⬦⟶54—Failure of execution of note to constitute waiver of exemptions, or mortgage, held not to affect liability on promise to pay.

Even though the signature on a note by a mark without attestation did not bind the maker as to waiver of exemptions, and was not valid as a mortgage, the maker was still liable on the promise to pay.

2. Bills and notes ⬦⟶54—Execution of note by mark held sufficient as promise to pay.

Execution of signature on note by mark without attestation held sufficient as to promise to pay.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action on promissory note by the Planters' Chemical & Oil Company against Z. T. Morris and J. T. Windsor. From a judgment for defendant Morris, plaintiff appeals. Reversed and remanded.

Motley & Motley, of Gadsden, for appellant.

A note executed by mark is sufficient.. McGowan v. Collins, 154 Ala. 299, 46 South. 228; Jackson v. Tribble, 156 Ala. 480, 47 South. 310; Penton v. Williams, 150 Ala. 153, 43 South. 211; Brown v. Bamberger, 110 Ala.

342, 20 South. 114. The fact that the mortgage may be invalid does not invalidate the note. 8 C. J. 199; Edwards v. Dealers' Ice Co., 17 Ariz. 98, 148 Pac. 908; Fontaine v. Nuse, 38 Tex. Civ. App. 358, 85 S. W. 852; Foddrill v. Dooley, 131 Ga. 790, 63 S. E. 350; Reynolds v. Spencer, 66 Ind. 145.

J. M. Miller, of Gadsden, for appellee.

The instrument being executed by mark and not attested is void. Ballow v. Collins, 139 Ala. 543, 36 South. 712. The note and mortgage must be construed together. Comm. Bank v. Crenshaw, 103 Ala. 497, 15 South. 741.

SAMFORD, J. The complaint was in two counts declaring on a promissory note executed on the 4th day of May, 1920, and payable on the 1st day of October. The complaint contained an allegation that defendant had waived his claim to exemption. There was a plea of non est factum.

Plaintiff introduced evidence tending to prove the consideration, and witness testified, defendant not being able to sign his name, that, at defendant's request, witness signed defendant's name and defendant made his mark. The note was then introduced in evidence, and contained, besides the promise to pay, a waiver of exemptions and a mortgage on certain personal property. This instrument was signed Z. X. T. Morris, and had no attesting witness. It was shown that Morris could neither read nor write, and there was no evidence that the payee or its agent signed the note. The court gave at the request of defendant, Morris, the affirmative charge as to him and this action is assigned as error.

[1] Under the evidence offered by plaintiff, Morris was primarily liable for the fertilizer for which the note was given, and, even if the signing of the note in the manner testified to did not bind Morris as to the waiver of exemptions and was not valid as a mortgage, he would be liable on the promise to pay. Brown v. Bamberger, Bloom & Co., 110 Ala. 342-355, 20 South. 114; Penton v. Williams, 150 Ala. 153, 43 South. 211.

[2] Eliminating that part of the instrument, ineffective by reason of the statute, there is still left the promissory note of Morris. Under the common law the execution of an instrument by mark is sufficient, and we know of no statute changing the rule. McGowan v. Collins, 154 Ala. 299, 46 South. 228; Penton v. Williams, 150 Ala. 153, 43 South. 211; Jackson v. Tribble, 156 Ala. 480, 47 South. 310.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.