## CHRISTOPHER C. HARRIS v. J. B. LYNN.

1. CAVEAT EMPTOR, *Application of Rule of.* Where a mortgagee of personal property sells the property, not as his own, but as held by him as a mortgagee, he does not warrant the title. The rule of *caveat emptor* applies to all persons desiring to purchase under such circumstances; and the purchaser under such circumstances obtains only the interest of the mortgagor and mortgagee in the property.

2. —— A mortgagee of personal property may sell his own and the mortgagor's interest in the property, with the consent of the mortgagor, without giving public notice of the sale.

3. SALE OF PERSONALTY BY MORTGAGEE; *Notice; Title of Purchaser.* And where the mortgage contains a provision that the mortgagee may sell the property after condition broken, or if at any time he should deem himself unsafe, he may sell the property at public or private sale previous to the time above mentioned. *Held,* That no notice is required, and that a sale without notice will transfer to the purchaser all the interest, both of the mortgagor and mortgagee, in the property.

*Error from Cowley District Court.*

ACTION brought by *Harris* against *Lynn,* for an alleged breach of an implied warranty in the sale of an Aultman vibrator threshing machine, with the horse power and appurtenances belonging thereto, by the defendant to the plaintiff. Trial at the December Term, 1880, of the district court, and judgment for defendant. The plaintiff brings the case here. The facts appear in the opinion.

*Hackney & McDonald,* for plaintiff in error:

1. The principal question presented by this case is, whether the rule of *caveat emptor* applies to a mortgagee's sale of personal property; for if it does, the ruling of the district court was probably correct, and if it does not, then said ruling was plainly erroneous. We contend that the rule does not apply to such sales; that on the contrary, in all sales of mortgaged personal property made by the mortgagee thereof, the law implies a twofold warranty — first, of title to the property sold; and second, that he, the mortgagee, has complied with every

requirement of law and condition of the mortgage requisite to vest in him the right to sell the property at that time and place, and that he is invested with such right.

2. This seems to us to be the necessary and logical result of the relation of the mortgagee to the transaction. He has the legal title to the property, and the right of possession and sale thereof. He is the sole beneficiary throughout; and when for his own benefit and without the intervention, aid or sanction of officers or courts, he sells the mortgaged property, such sale is in no sense a judicial sale, and the mortgagee impliedly warrants his right and power to pass the title by the act of offering the property for sale—since otherwise he would have no right to sell it.

3. Now if this view of the liability of the mortgagee vendor is well grounded, the amended petition states a cause of action in favor of Harris and against Lynn; and in sustaining the demurrer, the district court erred to the prejudice of the plaintiff in error; for if Lynn was or could have been in any event liable over to Harris in case of the failure of the title of the latter to the property in question, he is concluded by the judgment in the case of Harris v. Walker, for in that action it was adjudicated that Lynn's sale of the property to Harris did not extinguish the mortgagor's title and interest therein, and it is immaterial whether that judgment was sound or faulty. The action was prosecuted in good faith by Harris, for the purpose of maintaining his title to the property, and at the special instance and request of Lynn, who was present at the trial, in person and by attorney.

"Where one is bound to protect another from liability, he is bound by the result of a litigation to which such other is a party, provided he had notice of the litigation and opportunity to control and manage it." (2 Black, 418; 4 Wall. 657; 62 Mo. 289; 2 Phillips on Ev. 9, 253, *note*.)

*J. E. Allen*, for defendant in error:

Counsel for plaintiff affirm, that in all sales made by the mortgagee of personal property, the law implies a twofold

warranty — first, of title to the property sold; and second, that the mortgagee has complied with every requirement requisite to vest in him the right to sell the property as such mortgagee.

The second proposition of opposing counsel, is probably true; but the exact converse of the first is the correct statement of the law.

The doctrine of implied warranty of title in the sale of chattels is thus stated by Blackstone and Parsons:

"A purchaser of goods and chattels may have a satisfaction from the seller, *if he sells them as his own* and the title proves deficient, without any express warranty for that purpose." (2 Black. Com. 451.)

"If the seller is in possession, but the possession is of such a kind *as not to denote or imply title in him,* there would be no warranty of title in England, and we are confident there would be none in this country." (1 Par. Cont. 575.)

At the time of the sale, Lynn was in possession of the property, but his possession was that of a mortgagee, and he publicly proclaimed, at the time of the sale, that he offered it for sale under a chattel mortgage, and as the mortgagee thereof. So that it was evident that he was not selling the property *as his own;* and that his possession was of such a character *as not to denote or imply title in him.*

Under our statute, the mortgagee of chattels has a special and not an absolute ownership in the mortgaged property. His title is similar to that of a pledgee. When he sells the property under the mortgage, for the purpose of realizing the debt thereby secured, he sells it as the property of the mortgagor, and not as his own property. (See 2 Schouler Per. Pr. 383; 20 N. Y. Sup. Ct. Rep. 651; 3 Exch. 500; 43 Barb. 607; 60 id. 425.)

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Christopher C. Harris, the plaintiff in error, against J. B. Lynn, the defendant in error, on an alleged breach of an implied warranty in the sale of certain personal property. The fol-

lowing is a summary of the principal facts stated in the plaintiff's petition:

On January 1, 1877, William C. Bartlow mortgaged to Lynn, under the name of J. B. Lynn & Co., certain personal property to secure the payment of a debt of $171.78, which Bartlow owed to Lynn, and which was to become due in sixty days from that date. The mortgage was duly recorded in the office of the register of deeds of Cowley county (the county in which the property was situated and the mortgage executed), and contained, among others, the following provision:

"In case of non-payment at the time above mentioned, together with the interest thereon, the said J. B. Lynn & Co. shall have full power to enter upon the premises of the said party of the first part, or any other place or places where the goods and chattels aforesaid may be, to take possession of said property, to sell the same, and the avails, (after deducting the expenses of getting possession, and the expenses of sale and keeping of said property,) to apply in payment of the above debt; and in case the said J. B. Lynn & Co., or either of them, shall at any time deem himself or themselves unsafe, it shall be lawful for them or him to take possession of such property, and to sell the same at public or private sale, previous to the time above mentioned."

There was no provision contained in said mortgage, except as above, which stated who should have the possession of the property; but in fact Bartlow continued in possession thereof. Afterward, and sometime in February, 1877, Bartlow advertised that he would sell the property on the 12th of March, 1877. Afterward, Sarah A. Bartlow, the wife of William C. Bartlow, commenced an action for divorce and alimony against her husband, in which action the said William C. Bartlow was, on the 6th day of March, 1877, enjoined from selling said property. On March 12, 1877, the said Lynn, with the consent of said William C. Bartlow, took possession of said property as the mortgagee thereof, and sold the same to the plaintiff, Harris, for $300, without having given any previous notice of the time or place of such sale. He sold the same as the mortgagee of said property, and for the purpose of realizing funds for the payment of the debt which Bartlow owed to him, and which was then due and unpaid. On March 23, 1877, R. L. Walker was appointed receiver in the action of Bartlow v. Bartlow, and took possession of said property

as such receiver. Thereupon Harris commenced an action against said receiver, to recover the possession of said property, at the request of Lynn, who was afterward present and assisting in the management of the trial, in which action Harris was defeated, and on account of the judgment therein rendered, was compelled to pay $178.18 to perfect his title to said property. Upon the subsequent refusal of Lynn to reimburse Harris for the money so expended, Harris brought this action to recover the same. The district court sustained a general demurrer to the plaintiff's petition; and Harris now, as plaintiff in error, brings the case to this court for review.

The plaintiff in error states in his brief the questions to be considered by this court, as follows:

"The principal question presented by this case is, whether the rule of *caveat emptor* applies to a mortgagee's sale of personal property; for if it does, the ruling of the district court was probably correct, and if it does not, then said ruling was plainly erroneous. We contend that the rule does not apply to such sales; that on the contrary, in all sales of mortgaged personal property made by the mortgagee thereof, the law implies a twofold warranty — first, of title to the property sold; and second, that he, the mortgagee, has complied with every requirement of law and condition of the mortgage requisite to vest in him the right to sell the property at that time and place, and that he is invested with such right."

We think the decision of the court below upon the demurrer was correct. The doctrine of implied warranty of title in the sale of chattels is thus stated by Sir Wm. Blackstone: "A purchaser of goods and chattels may have a satisfaction from the seller, *if he sells them as his own,* and the title proves deficient, without any express warranty for that purpose." (2 Black. Com. 451.) In discussing the same point, Mr. Parsons declares the following principle: "If the seller is in possession, but the possession is of such a kind *as not to denote or imply title in him,* there would be no warranty of title in England, and we are confident there would be none in this country." (1 Par. Cont. 575.)

At the time of the sale, Lynn was in possession of the property, but his possession was that of a mortgagee, and he

publicly proclaimed, at the time of the sale, that he offered it for sale under a chattel mortgage, and as the mortgagee thereof. So that it was evident that he was not selling the property *as his own;* and that his possession was of such a character *as not to denote or imply title in him.*

Mr. Schouler, in his treatise on Personal Property, says:

"So, too, the sale by the pledgee or mortgagee of a chattel, as such, purports to transfer only the peculiar title of a pawn-broker, pledgee or mortgagee; and the circumstances must repel any inference that a warranty of title *as owner* is intended, though the title thus originating may have ripened into a good one; and in the absence of express warranty of title, or fraudulent conduct, the transaction will be taken accordingly." (2 Schoul. Per. Prop. 338.)

The same doctrine is also announced in *Sheppard v. Earles*, 20 N. Y. Sup. Ct. Rep. (13 Hun) 651, in the following language:

"Upon a sale of property, by virtue of a chattel mortgage, the proceeding is notice to the public that the mortgagee is selling, not his own title to the property, but that which he has acquired through the mortgage, and no warranty of title to the property so sold is to be implied against the mortgagee."

In the case of *Morley v. Attenborough*, 3 Exch. 500, it is decided that "there is no implied warranty of title in the contract of sale of a personal chattel; and in the absence of fraud, a vendor is not liable for a defect of title, unless there be an express warranty, or an equivalent to it, by declaration or conduct." "A pawnbroker, who sells a chattel as a forfeited pledge, merely undertakes that the subject of the sale is a pledge, and irredeemable, and that he is not cognizant of any defect of title to it."

At the time that Lynn sold the property to Harris, Lynn not only had the possession of the property, but he also had the right to the possession; and he had this right not only under the mortgage, but also under the statute. The debt had become due, and the condition of the mortgage had been broken, which would give him the right not only to the possession of the property, but to sell the same; and even if the

debt had not been due, or the condition of the mortgage had not been broken, still he would have had the right to the possession of the property under the statute.    The statute reads as follows:

"In the absence of stipulations to the contrary, the mortgagee of personal property shall have the legal title thereto, and the right of possession." (Comp. Laws 1879, p. 557, § 15.)

When Lynn sold the property to Harris he transferred at least all his right in and to the property to Harris.    If a notice was required before an *absolute* sale of the property could be made, then Lynn transferred to Harris only his own interest in the property, which was the right to the possession of the property, and the lien thereon, until the debt for which the mortgage was given should be paid; but if no notice was required, then he transferred the entire property to Harris, absolutely and completely — and it would seem that in such cases as this no notice is required.    It has been twice, at least, so held in New York.    The supreme court of the state of New York, in the case of *Ballou v. Cunningham*, 60 Barb. 425, decided as follows:

"Where a chattel mortgage contained a power to the mortgagee, in case of default in payment, to take possession of the property and sell the same, and after deducting all expenses to apply the proceeds in payment of the debt, and in case he should at any time deem himself unsafe, that he might take possession of the property and sell the same at *public* or *private* sale before the day of payment, *held*, that on default in payment at the day, the mortgagee might sell the property at *private* sale, without notice to the mortgagor; and that if the sale was fair and *bona fide*, the right of the mortgagor to redeem was foreclosed." (See also *Chamberlain v. Martin*, 43 Barb. 607, which decides the same question in the same way.)

It seems strange that Harris should have been defeated in the case of Harris v. Walker, for Harris, by the purchase from Lynn, obtained the right to the possession of the property, and the right to hold it until the debt for which the mortgage was given should be paid, even if he obtained nothing more.    But if, however, no notice was required, then

he obtained all the interest which both Lynn and Bartlow had in the property; and according to the foregoing decisions such would seem to be the case.

The injunction issued against Bartlow did not and could not affect the right of Lynn to sell all of his own interest in the property and all of Bartlow's interest therein, and could not affect the right of Harris to purchase the same from Lynn. And we think that Harris did purchase the same, and no more; for the rule of *caveat emptor* applied to his purchase. And we do not think that the assistance which Lynn gave to Harris in prosecuting Harris's replevin action against Walker for the possession of the property, made Lynn liable to Harris for the amount which Harris finally paid Walker to procure a complete title to the property.

The judgment of the court below will be affirmed.

All the Justices concurring.