CONRAD FAETH, PLAINTIFF IN ERROR, V. JAMES LEARY, G. W. TUCKER, AND PARLIN, ARENDORFF & MARTIN, DEFENDANTS IN ERROR.

Chattel Mortgage: FIRST AND SECOND MORTGAGE: SALE OF PROPERTY: RIGHTS OF MORTGAGEES.   A executed to B a chattel mortgage upon a horse, and other property, to secure the notes of A to the amount of $460.40.   Afterwards, but before the maturity of the notes secured by the mortgage, A executed to C a chattel mortgage on the same property, to secure a note for $142, expressly stating in the mortgage that it was subject to the mortgage executed to B.   Afterwards A and B sold the horse to D for its full value, and applied the proceeds of the sale to the partial payment of A's debt to B.   Upon the horse being delivered to D under his purchase, C asserted his mortgage, and took possession of the property for the purpose of foreclosure, when B replevied it.   *Held*, That the sale of the horse to D by A and B, being made in good faith and for the full value, effectually foreclosed the title of A, as well as that of C, and that, as against A and C, B was entitled to the property.

ERROR to the district court for Gage county.   Tried below before BROADY, J.

*Pemberton & Bush,* for plaintiff in error, cited:   Jones Chat. Mort., Sec. 709.   *Harris v. Lynn,* 25 Kan., 281. *Reynolds v. Thomas,* 28 Id., 810.   *Campbell v. Wheeler,* 26 N. W. R., 613.

*R. W. Sabin,* for defendants in error, cited:   Schouler's

Per. Prop., 557.   *West v. Crary*, 47 N. Y., 425.   *Daly v. Proetz*, 20 Minn., 411.   *Gage v. Whittier*, 17 New Hamp., 312.

REESE, CH. J.

This was an action in replevin, instituted by plaintiff in error against defendants in error, for the possession of a horse. The petition of plaintiff, filed in the district court, alleges that, "He has a special property and is entitled to the immediate possession of the" property in dispute, and "that plaintiff's special interest in said property is by virtue of a chattel mortgage upon it."

The answers of defendants consist of general denials.

The facts in the case may be briefly stated to be, that on November 27, 1885, Lineweber and Snyder made a chattel mortgage to plaintiff upon the horse in controversy, which was filed November 30, 1885. The mortgage also covered considerable other personal property, and was made to secure five promissory notes, amounting in all to the sum of $460.40. The first note matured June 1, 1886, the last December 1st of the same year. On the 18th of February, 1886, the mortgagors executed another chattel mortgage upon the same property, to defendants, Parlin, Arendorff & Martin, which mortgage was filed in the office of the county clerk, February 20, 1886, and was given to secure the sum of $142, due February 1, 1887. In this last mortgage the property is represented to be free from incumbrance in all respects, except the chattel mortgage previously executed to plaintiff. About August 1, 1886, the mortgagors, Lineweber and Snyder, and plaintiff sold the horse in question to one Dr. Bathrick, for the sum of $85, $11 of which was paid in cash, or its equivalent, to the mortgagee. For the remaining $74, Dr. Bathrick executed to plaintiff his note, due February 10, 1887, secured by a mortgage on the horse, and some other property, and the

horse was then delivered to Bathrick and the $74 credited upon the notes due plaintiff from Lineweber and Snyder, the mortgagors. Soon after the delivery of the horse to Bathrick, defendants demanded its possession of him under their mortgage, and the horse was delivered to them, when they proceeded to foreclose their mortgage in accordance with the provision of the statute. Pending this foreclosure, plaintiff replevied the horse. The cause was tried to the district court without a jury, which found in favor of defendants, and assessed the value of the property at $75, and plaintiff brings the case to this court by proceedings in error.

It is insisted by plaintiff that the transfer of the horse to Bathrick, being by the consent of the mortgagors, was equivalent to a foreclosure of the mortgage, and that the plaintiff's title was conveyed to Bathrick. In support of this, he cites Jones on Chattel Mortgages, section 709. *Harris v. Lynn*, 25 Kansas, 281. *Reynolds v. Thomas*, 28 Id., 810. But were this not the case, and even were the foreclosure invalid, that the transfer would in fact convey to Bathrick the interest of plaintiff under his chattel mortgage, and which by the mortgage from Bathrick to plaintiff would be reconveyed to him. It is also contended that, as the property was sold for more than its value, and the proceeds credited upon the note held by plaintiff, it worked no injury to defendants, Parlin, Arendorff & Martin, and therefore they could not complain.

It is contended by defendants that the sale by the mortgagors and mortgagee of the property to Bathrick, and the receipt of the mortgage from Bathrick to plaintiff, had the effect of canceling plaintiff's mortgage upon the property in question, and that defendants would be in the attitude of first mortgagees, and that, therefore, they were entitled to the possession of the property.

The question to be decided is not free from doubt, and in the limited time at our command we have been unable

to find any decisions directly in point. There can be no doubt that, as between plaintiff and Lineweber and Snyder, the arrangement that the property should be sold at private sale, for its full value, when executed, was a complete foreclosure of the mortgage, and as against the mortgagor and the mortgagee, would convey the absolute title to the property.

In *Talman v. Smith*, 39 Barb., 390, it was held that, "Such a transfer would be equivalent to a formal foreclosure of the equity of redemption, and that the title in the purchaser could not be assailed by creditors of the mortgagor having no lien upon the mortgaged property at the time of the purchase." So far as this portion of the case is concerned, we think there can be no question.

The question as to the right of a subsequent lien holder to challenge the title of the purchaser, at such sale, was not before the court in that case, and was therefore not decided. It is the opinion of my associates that Parlin, Arensdorff & Martin, the subsequent mortgagees, having taken their mortgage subject to that of plaintiff, and having only acquired whatever interest the mortgagors may have had therein, are in no condition to question the title of Bathrick; that all they could have required of plaintiff, in the first instance, would be a foreclosure of his mortgage, in such a way as to protect their claim upon the interest of the mortgagor; and that the property having been sold for its full value, and such value credited upon the note held by plaintiff, there being no fraud, must be treated as a complete extinguishment of the title of the mortgagors, and all persons claiming under them, as fully as though the mortgage had been foreclosed according to the statutory method. If it be true that defendants had no greater rights in the property than the mortgagors would have had, and did have, prior to the execution of the mortgage to defendants, then we presume the principle here applied is correct in its application, and the judgment of the district

court was erroneous.   It is therefore held that the sale of the property to Bathrick was an extinguishment of the rights of the mortgagors, and also of the interest defendants, acquired by their second mortgage; this holding being based upon the fact, as shown by the testimony, that the property was sold in good faith and for its full value, as found by the trial court.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.