[L. A. No. 4742. Department Two.—April 15, 1919.]

CECEIL L. MARSH, Respondent, v. C. E. LAPP, Appellant.

[1] APPEAL—ORDER DENYING NEW TRIAL—DISMISSAL.—An appeal from an order denying a new trial is no longer allowed by statute, and an attempted appeal from such an order must be dismissed.

[2] ID.—ALTERNATIVE METHOD—PRINTING OF RECORD IN BRIEFS.—An appeal under the alternative method deserves no consideration, where the appellant does not print in his briefs, in accordance with the statutory provisions, such portions of the record as he wishes to rely upon.

[3] ID.—ALLEGED ERROR IN OVERRULING OF DEMURRER—WAIVER.—Alleged error in the overruling of a demurrer to a complaint on the ground of uncertainty cannot be availed of on appeal, where an amended complaint is filed, and no demurrer thereto interposed, since only the pleadings upon which the issues were joined may be attacked on appeal.

[4] EXECUTION — SALE OF PERSONAL PROPERTY — VIEW OF PURCHASERS—WAIVER.—The provision of section 694 of the Code of Civil Procedure which requires that in the case of an execution sale of personal property capable of manual delivery the property must be within view of those who attend the sale, is intended for the protection of the judgment debtor, and he may waive his right thereunder if he sees fit to do so, and the removal of the property by the debtor after notice of the sale amounts to such a waiver.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Pat R. Parker, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Clyde R. Burr and Harold G. Ferguson for Appellant.

O'Melveny, Stevens & Millikin and Alex Macdonald for Respondent.

LENNON, J.—[1] The defendant appeals from a judgment in plaintiff's favor, and attempts to appeal from an order denying his motion for a new trial. The appeal from such order, being no longer allowed by statute, must be dismissed. (Code Civ. Proc., sec. 963, amended 1915, [Stats. 1915, p. 209]; *Regoli v. Stevenson,* 179 Cal. 257, [176 Pac. 158].)

[2]   The appeal is under the alternative method.   Since defendant does not print in his briefs, in accordance with the statutory provisions, such portions of the record as he wishes to rely upon, his appeal deserves no consideration.   (Code Civ. Proc., sec. 953c; *Frankfort etc. Ins. Co.* v. *Cramer,* 178 Cal. 553, [174 Pac. 33].)   We have, however, examined the record sufficiently to dispose of the case upon its merits.

In February, 1915, the defendant was in possession of the Alta Vista Apartments, in Los Angeles, under a lease from the plaintiff, secured by a mortgage on defendant's furniture. The defendant being in arrears in rent in the sum of $3,619.42, and demand having been duly made, defendant defaulted. On February 23d, in accordance with the terms of the mortgage, plaintiff served on defendant a notice of sale of the furniture to satisfy the indebtedness, to be held March 3d, at the Alta Vista Apartments, where the furniture was. About March 1st, defendant attempted to remove the furniture and succeeded in removing about half of it, which he stored in a warehouse.   Pursuant to the notice, the sale was held at the apartment house.   The auctioneer offered all the furniture for sale and the plaintiff purchased it.   The present action, in claim and delivery, was brought to recover the furniture thus purchased.

[3]   But two points are made on the appeal.   The first is that defendant's demurrer to the amended complaint on the ground of uncertainty was improperly overruled.   But the record shows that the plaintiff filed, by leave of court, a second amended complaint, and that this was not met by demurrer, and that the action was tried upon it.   The last amended complaint superseded the first amended complaint and the original complaint, and consequently the sufficiency of the latter cannot be considered.   Only the pleadings upon which the issues were joined may be attacked on appeal. (*Schneider* v. *Brown,* 85 Cal. 205, [24 Pac. 715]; *Bray* v. *Lowery,* 163 Cal. 256, 260, [124 Pac. 1004].)   Defendant by failing to specially demur to the second amended complaint waived the objection of uncertainty.

Defendant's second point is that, even though the property in question was sold for the sum of $3,619.42, which was admittedly the full value of *all* the property, both in the apartment house and in the warehouse, the sale was, nevertheless, invalid as to the property in the warehouse because violative

of the provision of section 694 of the Code of Civil Procedure, which requires that in the case of an execution sale of personal property capable of manual delivery the property must be " . . . within view of those who attend the sale. . . . " Under the circumstances of this case there is no merit in this point.  [4]  The statutory rule is intended for the protection of the judgment debtor, and he may waive his right thereunder if he sees fit to do so.  (*Lexington Bank v. Wirges*, 52 Neb. 649, [72 N. W. 1049].)  The removal of the property by defendant after notice of the sale amounted to such a waiver, and he cannot now be heard to complain of a result produced by his own voluntary act.  (*Foster v. Goree*, 5 Ala. 424, 429.)

The appeal from the order denying a new trial is dismissed, and the judgment appealed from is affirmed.

Wilbur, J., and Melvin, J., concurred.