No. 26,123.

H. G. PHILLIPS, *Appellee,* v. RAY SOPER, *Appellant.*

SYLLABUS BY THE COURT.

SALES—*Warranty of Title—Liability of Mortgagee—Pleading.* A stolen automobile was mortgaged by the thief for $75 and turned over to the mortgagee, who had no knowledge of the theft. It was then sold for $175, the buyer having no notice of a defective title and being shortly required to deliver it to the real owner. The buyer sued the mortgagee upon the theory of a breach of warranty of title. The case was tried and judgment rendered for the plaintiff upon the issue whether the mortgagor or mortgagee had sold the car to him. It is held that no reversible error was committed in overruling the demurrer to the petition or in the giving of instructions.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed October 10, 1925. Affirmed.

*Aaron Coleman,* of Hutchinson, for the appellant.

*J. S. Simmons, Stuart Simmons* and *Alva L. Fenn,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

MASON, J.: H. G. Phillips sued Ray Soper for breach of warranty of title of an automobile which he claimed to have purchased from him. The plaintiff recovered judgment and the defendant appeals.

At the beginning of the transaction out of which the case grows the car was in the possession of one E. T. Hibberd, who had stolen it. Hibberd borrowed $75 from the defendant, giving him a chattel mortgage on the car and turning it over to him. The plaintiff bought the car for $175. He says he bought it from the defendant, but the defendant says he bought it from Hibberd. The car was shortly reclaimed by and delivered to the real owner.

The defendant invokes the rule that one who sells property under a chattel mortgage is not regarded as impliedly warranting the title. (*Harris v. Lynn,* 25 Kan. 281; 11 C. J. 713; 24 R. C. L. 184; Jones on Chattel Mortgages, 5th ed., § 819.) He contends that upon this ground the petition, a general demurrer to which was overruled, failed to state a cause of action, and the instructions given were erroneous. The petition alleged in substance that the plaintiff bought the car from the defendant and the title failed—allegations sufficient under the present very liberal practice to prevent its being

1. Sales, 35 Cyc. p. 447; Appeal and Error, 4 C. J. § 3013.

demurrable unless their effect was overcome by other portions of the pleading. It also contained considerable evidential details, among others a statement that the defendant had told the plaintiff that he held a mortgage on the car, by virtue of which he was offering, and had authority to offer it, for sale. The insertion of this statement goes far to negative the inference of an implied warranty to be drawn from the general allegation of a purchase from the defendant. We conclude, however, in view of the course of the trial as hereinafter set out, that the appeal should not be determined upon this question of pleading and that the overruling of the demurrer should not be regarded as reversible error.

The trial court did not submit to the jury as a separate issue the question whether the defendant as mortgagee sold the car to the plaintiff under the mortgage, but such an issue does not appear to have been presented by the defendant. His answer was a mere general denial of every allegation of the petition, not even excepting that concerning his statement about offering the car for sale under the mortgage. No instruction on the subject was requested. The defendant's testimony was not that he had sold the car to the plaintiff as mortgagee, but that he had not sold it at all—that the sale was made by Hibberd. There was a direct conflict of evidence on this subject. The plaintiff paid for the car by giving a check for $175 to the defendant, who paid $100 of it to Hibberd. Of this feature of the transaction the plaintiff testified: "I said to him [the defendant], 'Well now I do not want to buy this car from Mr. Hibberd, because I do not know him.' . . . I told him I would put my confidence in him to protect me because I did not know the boy [Hibberd] at all." The defendant testified: "Mr. Phillips said he would make this check payable to me and I could settle with Mr. Hibberd; that he was in a hurry to get back to his piano store and he wouldn't bother figuring up what was coming to me and make it in two different checks, so he made this check payable to me." A bill of sale to the plaintiff, which included a warranty of title, was filled out by the defendant and signed by Hibberd. This circumstance of course militates strongly against the plaintiff's claim, but whether the parties contemplated a guaranty of title by the defendant was a matter to be determined from all the evidence by the triers of the facts. The instruction complained of contained this language:

"If you find, by a preponderance of the evidence, that the defendant in

person sold the car in controversy to the plaintiff or the sale was made by another who was acting under and controlled by him, and he took part and participated in said sale and that said sale could only have been made by his consent, and that he did, with knowledge of all of the facts, consent and agreed to said sale and accepted the money therefor and delivered the car in pursuance to said sale, then your verdict will be for the plaintiff for the full amount asked for.

"On the other hand, if you find that all of the negotiations and transactions were had between the plaintiff and the young man Hibberd and were not participated in or controlled by the defendant, and that the defendant's interest therein was simply that of mortgagee with a lien, and that he claimed no other or exercised no other rights over the property, then your verdict will be for the defendant. In other words, the question for your determination, brushing aside all technical forms, is who in fact was the seller and got the money and without whose consent the sale could not have been made or completed, and if you find that it was Ray Soper your verdict will be for the plaintiff and if you do not so find your verdict will be for the defendant."

Portions of this instruction taken by themselves may appear to be too favorable to the plaintiff, but considered as a whole we think it so presented the matter that a verdict for him necessarily involved a finding in his favor upon the vital matters on which the controversy turned.

The judgment is affirmed.